UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
MASSACHUSETTS

CRIMINAL 06-10305-MLW

———————————————
UNITED STATES OF AMERICA

V

ESTHER ARIAS
GLADYS CABRERA
———————————————

**MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS**

It is elementary that the search of a home should be preceded by the issuance of a search warrant and that warrantless searches are per se unreasonable. <u>Coolidge v. New Hampshire</u>, 403 U.S. 443 (1971). Only in very limited situations may the police enter a home to make a search without a warrant. In the instant case the police entered and searched without a warrant. Apparently the police have alleged that the search was conducted after the defendant's consent.

**STATEMENT OF FACTS**

In the early morning hours of January 10, 2004 officers of the Lynn Police Department arrested Ms. Arias and took her to the Lynn police station. She remained in custody until the next afternoon when she was taken back to the vicinity of her home and held until the police conducted a warrantless search of her home. At the time of her arrest she had been drinking for hours. She was informed by the police that they were going to search her home with or without a warrant and with or without her consent. The search was conducted as Ms. Arias remained outside the apartment. (See attached affidavit)

**ARGUMENT**

It is undisputed that the home was entered and searched without a warrant. That search led to the recovery of evidence which in turn led to this indictment. All of this evidence should be suppressed as the fruit of the illegal initial entry. It is only in exceptional circumstances that a warrantless home invasion should be permitted. Warrantless entries into homes are "per se" unreasonable. One exception to this rule is the concept of consent. Consent is a "carefully drawn" exception which requires a voluntary act on the part of the one in control of the home. Ms. Arias alleges that no such consent was given.

The government bears the burden of establishing consent. Consent is more that mere acquiescence to a claim of lawful authority. <u>Bumper v. North Carolina,</u> 391 U.S. 543 (1968). In the instant case the government cannot meet that burden.

## CONCLUSION

For the above reasons all of the items seized from the defendant's home should be suppressed and not allowed into evidence.

Respectfully submitted:

 /s/ John P. Moss, Jr.
John P. Moss Jr.
675 Massachusetts Ave.
P.O. Box 88
Cambridge, Massachusetts
491-1129