## **EXHIBIT ONE**

Lynn Police Department

Report No. 04-1929

## LYNN POLICE INCIDENT REPORT

PAGE: _1_ OF: _1_                                      REPORT# _041929_

LOCATION OF INCIDENT: _100 New Park St #2_

TYPE OF INCIDENT OR OFFENSE: _Warrant arrest_

DID THE INCIDENT INVOLVE DOMESTIC ABUSE AS DEFINED BY c209, s1A ?................... YES [ ] NO [X]
DID THE INCIDENT INVOLVE ANY CIVIL RIGHTS ISSUES AS DEFINED BY c265, s 37 ?......... YES [ ] NO [X]

_1-10-04_          _2015_          _1-10-04_          FROM: _2015_ TO _2045_
DATE REPORTED   TIME REPORTED   DATE OF INCIDENT        TIME OF INCIDENT

NAME OF BUSINESS: _None_          TELEPHONE: _____

| PARTICIPANTS NAME | TYPE | D.O.B. | SEX | RACE | ADDRESS | TELEPHONE |
|---|---|---|---|---|---|---|
| 1. Esther Arias | D | 4-3-78 | F | H | 100 New Park St #2 | N/A |
| 2. | | | | | | |
| 3. | | | | | | |
| 4. | | | | | | |
| 5. | | | | | | |

RACE: W = WHITE   B = BLACK   O = ORIENTAL   H = HISPANIC   I = AMERICAN INDIAN
TYPE: O= OWNER(business) PR=PERSON REPORTING V=VICTIM S=SUSPECT D=DEFENDANT W=WITNESS

REPORT: Car 17 (Disabllon + Godbout) car 7 (Wojewodzic) and S-1 (Sgt. Donnelly) went to 100 New Park St #2 to place Esther Arias in custody for a warrant. Car 17 had gone to this address earlier in the night on loud music. Esther Arias the tenant of the apartment was on scene. Officer (Wojewodzic) who assisted on the noise call went to the Lynn Police Station to check Arias for the warrant. There was an active warrant in effect. The officers went to 100 New Park St #2 where Esther Arias was placed into custody for the following warrant. Docket # 0413CR000131 Lynn Straight (1) Indentity Fraud (2-6) Forgery of Document (7-11) Utter False Document (12) Credit Card Fraud over (13-15) Improper use credit card.

Arias was booked + printed at the Lynn Police Station w/o incident.

Arias children were left at the Apartment with Iris Sanchez a friend that was in the apartment.

REPORTING OFFICER: _Paul Disabllon_          PAYROLL: _6498_
SECOND OFFICER: _R. Godbout_          PAYROLL: _6569_
DIVISION SERGEANT: _Donnelly_          PAYROLL: _6335_

## LYNN POLICE INTAKE SCREENING FORM

DATE: _01/10/04_    TIME: _1234_

NAME: _Ester Piige_    D.O.B.: _1/2/78_ SEX: M (F)

MAJOR CHARGE: _warrants_    INCIDENT # _04_

ARRESTING OFFICER(S): _Sorber, Disablon_

WAS PERSON A MEDICAL, MENTAL HEALTH OR SUICIDE RISK DURING
PRIOR CONTACT OR CONFINEMENT WITH DEPARTMENT? Y (N)

IF YES, WHEN: _____

POSITIVE Q5 QUERY?    Y (N)

DO THE ARRESTING OR TRANSPORTING OFFICERS BELIEVE THE PERSON IS
A MEDICAL, MENTAL HEALTH OR SUICIDE RICK NOW? Y    N

### OFFICER'S OBSERVATIONS

| | | | | | |
|---|---|---|---|---|---|
| ASSAULTIVE/VIOLENT BEHAVIOUR | Y | (N) | CRYING/TEARFUL | Y | (N) |
| LOUD/OBNOXIOUS BEHAVIOUR | Y | (N) | CONFUSED | Y | (N) |
| NOTICABLE MARKS/SCARS | Y | (N) | UNCOOPERATIVE | Y | (N) |
| BIZARRE BEHAVIOUR | Y | (N) | PASSIVE | Y | (N) |
| ALCOHOL/DRUG WITHDRAWAL | Y | (N) | INTOXICATED | Y | (N) |
| UNUSUAL SUSPICIOUSNESS | Y | (N) | SCARED | Y | (N) |
| HEARING VOICES/SEEING VISIONS | Y | (N) | INCOHERENT | Y | (N) |
| OBSERVABLE PAIN/INJURIES | Y | (N) | EMBARRASSED | Y | (N) |
| OTHER OBSERVABLE SIGNS OF DEPRESSION | Y | (N) | COOPERATIVE | (Y) | N |

EXPLAIN: _____

### MEDICAL HISTORY

Y (N) ARE YOU INJURED? IF SO, EXPLAIN: _____

Y  N ARE YOU CURRENTLY UNDER A PHYSICIAN'S CARE? IF YES,
EXPLAIN:

_____

JAN. 8. 2007 Case 1:06-mcr-10305-MLW Document 37-2 Filed 01/22/07 Page 4 of 43 NO. 4790 P. 8/10
JAN 08, 2007 03:37P LYNN PD RECORDS                      781 477 4435

page 8

Y   N   IF FEMALE, ARE YOU PREGNANT?

Y   N   ARE YOU CURRENTLY TAKING ANY MEDICATIONS? IF YES, LIST TYPE(S), DOSAGES(S), AND FREQUENCY:

_____

_____

## SUICIDE ASSESSMENT

Y   N   HAVE YOU EVER ATTEMPTED SUICIDE? IF YES, WHEN? _____

    WHY? _____  HOW? _____

Y   N   HAVE YOU EVER CONSIDERED SUICIDE?  IF YES, WHEN? _____

    WHY? _____  HOW? _____

Y   N   HAVE YOU RECENTLY EXPERIENCED A SIGNIFICANT LOSS (DEATH TO FAMILY MEMBER, CLOSE FRIEND ETC.) IF YES, EXPLAIN:

_____

_____

Y   N   HAS A FAMILY MEMBER OR CLOSE FRIEND EVER ATTEMPTED OR COMMITTED SUICIDE? IF YES, EXPLAIN:

_____

_____

Y   N   DO YOU FEEL THAT THERE IS NOTHING TO LOOK FORWARD TO IN THE IMMEDIATE FUTURE (EXPRESSING HELPLESSNESS AND/OR HOPELESSNESS)? IF YES, EXPLAIN:

_____

_____

Y   N   ARE YOU THINKING OF KILLING YOURSELF? IF YES, EXPLAIN:

_____

_____

ADDITIONAL REMARKS: _____

_____

_____

## DISPOSITION

_____ GENERAL POPULATION                    CELL # _____

_____ MONITORED CELL                         CELL # _____

PRECAUTIONS TAKEN: (CHECK ACTIONS TAKEN)

_____ NOTIFIED ALL HOUSE OFFICERS OF POSSIBLE SUICIDE RISK

_____ SUICIDE WATCH (POST FOR ALL OFFICERS)

_____ CONTACTED MENTAL HEALTH FACILITY FOR EVALUATION

    AGENCY: _____   CONTACT PERSON: _____

_____ SOFT RESTRAINTS

_____ NOTIFIED NEXT CO/OIC        CO/OIC NOTIFIED: _____

OTHER PRECAUTIONS TAKEN: _____

_____ MEDICAL HOSPITAL (IF PERSON LATER RETURNED TO FACILITY, LIST ANY SPECIAL WATCH RECOMMENDATIONS

_____ MENTAL HEALTH SERVICE (IF PERSON IS LATER RETURNED TO FACILITY, LIST ANY SPECIAL WATCH RECOMMENDATIONS

_____ OTHER DISPOSITION/REFERRAL/TRANSFER

## FAILURE TO ANSWER/REFUSAL OF TREATMENT

PERSON IN CUSTODY REFUSED TO ANSWER (CIRCLE) OR UNABLE TO ANSWER (CIRCLE AND STATE WHY) THE VERBAL RESPONSE SECTIONS OF THIS FORM.

I, _____ (PRINT NAME) REFUSE ANY TYPE OF MEDICAL TREATMENT.

SIGNATURES:

    PERSON IN CUSTODY: _____

    SCREENING OFFICER: _____

    SUPERVISOR: _____

# LYNN POLICE DEPARTMENT
## 18 SUTTON STREET
## LYNN MASSACHUSETTS 01901

## PROPERTY RELEASE FORM

risoner's Name: _____            Report# _____

I have received all my personal property upon discharge from the Lynn Police Department (L.P.D.). I release the L.P.D. of any and all future responsibility for my property.

I understand that I have 30 days after my release/transfer from the L.P.D. to have any and all property remaining at the Police Department picked up or it will be considered abandoned and disposed of according to L.P.D. policy and procedures and Massachusetts General Laws Chapter 135, Section 8.

I authorize the L.P.D. to release all of my property to:

Name: _Ksenia Ramos_____

Address: _____

Tel# : __781-595-7393____

I have received all personal property from L.P.D. on behalf of the above named prisoner.

oner's Signature: X_ Esther Arias_____

ature of Person Acting on Behalf of Prisoner : _____

er's Signature: _____        PR# _____

## **EXHIBIT TWO**

Affidavit of Lynn Police Department

Lieutenant Christopher Reddy

## AFFIDAVIT

Lynn, MA
January 19, 2007

CHRISTOPHER REDDY, Lieutenant, Lynn Police Department, upon oath deposes and states:

1.  I am a Lieutenant with the Lynn Police Department ("LPD") and have been with the department for twenty-one (21) years;

2.  I have reviewed the attached 7-page LPD Report #03-88502 regarding the arrest and interview of Esther Angelica Arias ("ARIAS"), and the related consent search of Apartment #2, 100 New Park Street, Lynn, MA on January 10, 2004. *See* attachment "A" to this Affidavit. The report was and is true to the best of my information and belief;

3.  I have reviewed the attached 1-page LPD Report #04-02062 regarding the arrest of Gladys Cabrera ("CABRERA") on January 10. 2004. *See* Attachment "B" to this Affidavit. The report was and is true to the best of my information and belief;

4.  CABRERA aka Caridad Irizarry was familiar to me prior to January 2004, and was known by me to be an associate of ARIAS. I had been involved in numerous investigations regarding CABRERA and had personally dealt with CABRERA prior to January 2004. I had observed and spoke with her during prior arrests and court appearances, and had reviewed photographs of CABRERA, including Massachusetts RMV images and surveillance images of CABRERA;

5.  ARIAS was familiar to me prior to January 2004, and was known by me to be an associate of CABRERA. I had been involved in numerous investigations regarding ARIAS and had personally dealt with ARIAS prior to January 2004. I have known ARIAS for many years and have spoken with her at length on many occasions during the course of my professional duties. I have interviewed her several times in the past for various investigations. I have reviewed numerous photographs of ARIAS, including Massachusetts RMV images and photos from other sources;

6.  On January 9, 2004, I obtained arrest warrants from Lynn District Court charging CABRERA and ARIAS with offenses of Forgery, Uttering, Larceny and Receiving Stolen Property. *See* Attachments "C" and "D" to this Affidavit. The warrants were outstanding on January 10, 2004;

7.  On January 10, 2004, approximately 12:30 a.m. [0030 hours], ARIAS was arrested by LPD Officers on the outstanding warrant in her name. ARIAS was detained at the Lynn, Massachusetts Police Department pending her appearance in court on the arrest warrant.

8.    On January 10, 2004, at approximately 11:00 a.m. [1100 hours], accompanied by
      LPD Detective Timothy Ferrari, I interviewed ARIAS at the Lynn Police Department,
      as noted in LPD Report #03-88502. ARIAS was lucid, coherent, alert and oriented.
      I advised ARIAS of the charges in the arrest warrant. I advised ARIAS orally and in
      writing of her *Miranda* warnings and of her right to a prompt arraignment. ARIAS
      stated that she understood her *Miranda* warnings and her right to prompt
      arraignment.

9.    ARIAS reviewed and executed a written acknowledgment of her *Miranda* warnings,
      witnessed by Affiant and Det. Ferrari. *See* Attachment "E" to this Affidavit. ARIAS
      reviewed and executed a written Waiver Of Prompt Arraignment, witnessed by
      Affiant and Det. Ferrari. *See* Attachment "F" to this Affidavit.

10.   After execution of the *Miranda* rights waiver and the prompt arraignment waiver,
      ARIAS was interviewed regarding various matters, as noted in LPD Report #03-
      88502.

11.   At the outset of the interview, ARIAS confirmed that she lived at 100 New Part
      Street, Apartment #2, Lynn, MA. During the course of the interview ARIAS was
      asked if she would consent to a search of her apartment. ARIAS was advised that
      LPD wanted to search for things related to the criminal investigation, including items
      that supported explanations she had given if anything of that nature were found.
      ARIAS was informed that no promises could be made to her but that if she did
      consent and cooperate her cooperation would be made known to the court.

12.   ARIAS agreed to permit LPD to search her apartment, provided she could be
      present. We agreed to her condition. I presented a written Voluntary Consent To
      Search and explained it to ARIAS. ARIAS stated that she understood her rights.
      ARIAS reviewed and executed a typed Voluntary Consent To Search of Apartment
      #2, 100 New Park Street, Lynn, MA, witnessed by Det. Ferrari. *See* Attachment "G"
      to this Affidavit.

13.   On January 10, 2004, at approximately 1:30 p.m. [1330 hours], Affiant and other
      LPD Officers proceeded to 100 New Park Street, with ARIAS in custody. As we
      approached the building, I observed and recognized CABRERA driving a Dodge van
      bearing a Massachusetts Pupil registration on New Park Street.

14.   CABRERA was directed to pull over to the curb. When I asked for her driver's
      license, she stated she did not have a license. CABRERA confirmed her name and
      date of birth, and was placed under arrest on the outstanding warrant, as noted in
      LPD Report #04-02062.

2

15.    The vehicle was in the custody of LPD. I took possession of bags that were on the seat next to CABRERA. The interior of the vehicle was searched by Det. Ferrari and various items were seized and placed into evidence.

16.    The items removed from the vehicle by Affiant and Det. Ferrari contained numerous documents in various names other than CABRERA and ARIAS, including photo ID's, credit cards, U.S. Mail and other documents in the names of know victims of mail theft, check frauds and credit card frauds.

17.    A license check confirmed that CABRERA did not have a current driver's license. A citation was issued to CABRERA for Operating Without A License.

18.    The owner of the vehicle, North Reading-Lynnfield Taxi, was contacted to come and take possession of its vehicle.

Respectfully submitted this _14_ day of January, 2007.



CHRISTOPHER REDDY, #6213
Lieutenant
Lynn Police Department

SUBSCRIBED AND SWORN TO BEFORE ME THIS _19_ DAY OF JANUARY, 2007.


NOTARY PUBLIC


My Commission Expires:

MARK F. O'TOOLE
Notary Public
Commonwealth of Massachusetts
My Commission Expires
April 25, 2008

3

**<u>ATTACHMENT "A"</u>**
**<u>to EXHIBIT TWO</u>**

Lynn Police Department

Report No. 03-88502

*8*

# LYNN POLICE DEPARTMENT
## CRIMINAL INVESTIGATION DIVISION

Case Report #03-88502

**To:** File
**From:** Lt. C. Reddy
**Re:** Fraud Investigation – Credit Cards, Checks, Identity Theft, etc.

- **Interview of Defendant -**      Esther Angelica Arias     4/3/78
  100 New Park St. #2, Lynn MA
- **Consent Search of 100 New Park St. #2**

On 1/10/04 Esther Arias was arrested by Off's Wojewodzic, Dusablon and Godbout on an outstanding warrant. (See report #04/01929 ). During the day on 1/10/04 Lt. C. Reddy and Det. T. Ferrari approached Arias in the cellblock and asked her if she wanted to speak with us and she said yes. We went to the interview room in C.I.D to talk.

I first asked Arias if she wanted something to eat or something to drink and she said no. I asked her if she was under the influence of alcohol or if she had taken any illegal drugs and she said no. She said that she was not taking any medications, she wasn't feeling sick at all and she said that she had no problem understanding me. I observed her to be alert and oriented during the time we spoke with her. Arias said that she earned her G.E.D. and she had taken some college courses. I then advised Arias of the charges against her on the arrest warrant.

I now advised Arias of the Waiver of Prompt Arraignment and Miranda. I read the Miranda warning to her from a printed form and she acknowledged that she understood. I then handed the form to her and asked her to read it and sign it. She looked at the form and then she signed it and wrote the date and time. I repeated this process with the Waiver of Prompt Arraignment form. She acknowledged that she understood what I read to her. I gave her the form, asked her to read it and sign it. She looked at the form and then signed it and marked the date and time. Det. T. Ferrari witnessed both warnings.

I asked Arias who she lived with on the second floor at 100 New Park St. She said that she lives with her children: Andres, Allejandro, Abner, and Angelicia. She said that no other adults live there. I asked her if she was still involved in a relationship with Gladys Cabrera and she said yes. She said that they have been together for three years. I asked her where Gladys lives. Esther said that Gladys lives at her house in Brockton but she didn't know the street address.

I asked Esther who Gleiry Lopez was. She said that she never heard that name before and she didn't know anyone by that name. I asked her if she knew anyone who lived on Eastern Ave. She said that she knows the owner of Maura's Beauty Salon who lives on Eastern Ave. She said that she didn't know the woman's name though and she

didn't know where she lived on Eastern Ave. Esther said that this woman was a friend of her mother's. Esther said she hadn't been to visit the woman in 3 or 4 years.

I asked Esther what bank she used. She said that she has an account with Citizen's Bank but she didn't know the account number from memory. She said that she usually goes to the branch at the Stop and Shop in Lynn or Revere.

At this point I showed Esther a copy of a photo that I received from Julie Aloise, a fraud investigator from Citizen's Bank. Aloise previously told me that this photo came from the bank's surveillance cameras as the suspect was transacting a stolen check from Hanover Insurance that had been mailed from the Yasi and Yasi law firm to Gleiry Lopez. I showed Arias the photo and asked her " Is that you?" and she responded, "Yes." I now told Arias that this photo was taken for Gleiry Lopez was being deposited at the Citizen's Bank and she responded, "That's not me." I told her, "You just said that it was you." She now responded, "No, it's not me." (In my opinion the woman depicted in this photo is Esther Arias.)

I asked Arias what vehicle she drove. She said that she drives a white Honda Passport and a school bus. I asked her what she was driving last Sunday night. Esther said that she drove a green Expedition that night. She said that the Expedition belonged to a guy named Angel but she didn't know his last name. She said that he was drunk that night and he asked her to drive him home. She said that she drove him home to Revere and then she took a taxi back to Lynn. She said that she had been at Celina's bar with him when this happened.

I asked Esther if she had been driving a blue Lincoln Navigator that night and she said no. I asked her why then would people say that they saw her driving a Lincoln Navigator on Sunday night. Esther said that she didn't know. She said that she didn't drive a Lincoln Navigator that night, she only drove an Expedition. Esther was unable to give the last name of Angel but she claimed that he had been at her house the day before this interview took place.

I asked Esther if she had a credit card in the name of Gleiry Lopez and she said no. I asked her if she had a credit card in the name of Angelica Lopez and she said no. Arias stated. "The only credit card I have is in my wallet. It's from Citizen's Bank." I asked Esther if she had used any credit card other than her own at anytime from December 1, 2003 through January, 2004 and she said no. I asked her if she purchased new furniture for her apartment at 100 New Park St. She said, "No. I only have the stuff from my apartment before at Rockmere Gardens."

I told Esther that I had video tape that showed her using a credit card that belongs to an account in the name of Gleiry Lopez and I asked her to tell me why that would be. She responded, " I don't know. That's a lie." I asked her if she bought anything at the Walmart in Lynn in December, 2003. She said yes. She stated that she got $100 in vouchers from Salvation Army. She said, " I used it on like the 30th of last month." I asked Esther if that was the only time that she shopped at Walmart last month. She said

went and asked if he would take my Honda. He said he'll take it out ... still need to ...
cash down. I told him no deal."

I asked Arias if she ever filled out an application to buy a Lincoln Navigator. She stated, " Yes. It was at the dealership. I filled out the application at both places, Bridge St. and Canal St. They said I didn't have enough credit. They said the only thing I could get was the Mitsubishi. I had to put $1500. down and finance the rest. When I went back he said he will take the Honda Passport but I had to also put down $500. I said that's too much. No deal. This was at the dealership on Bridge St. The first time I went there I was by myself. The second time I went there with Gladys and my friend Christine and Yesenia.

I asked Esther if she ever completed the purchase of a Lincoln Navigator from Pre Owned Auto Sales and she said no. I asked her if Gladys ever purchased a Lincoln Navigator and she stated, "No. She doesn't have a license." I asked Esther how she could explain that several people have seen her driving a Lincoln Navigator recently and she stated, " I only drove a green Expedition."

I asked Esther if she had a checking account and she said, " Yes. I have 2 checking accounts." I asked her what bank they are with and she said that they are both with Citizen's Bank. I asked her why she had two accounts and she stated, "Because I want two accounts." I asked her if she thought it was odd to have two checking accounts with the same bank and she stated, "No." I asked her if she knew the account numbers for the checking accounts and she said no. I asked her what address she used for herself on the checks and she said, "49 Kirtland St." I asked her what name was on the account and she said, "Angelica Arias."

I asked Arias if she was missing any checks and she responded. " I did. I contacted the bank and they said it was returned. They didn't pay it because the money in the account wasn't clear. " I asked her if she ever wrote a check to the Registry of Motor Vehicles and she said no.

I questioned Esther about where she made deposits and she said that she made a deposit at the Citizen's Bank in Revere. She said that she deposited a $1,500. check that was returned to her from the court, a $300 pay check, and $1000. in cash.

I showed Esther a photo that I received from Mike DiBenedetto from the Registry of Motor Vehicles. This photo was presented to a member of the registry staff as the CORI image license photo for Maria Rodriguez, an alias for Esther Arias. The CORI image apparently was altered as this photo is not the same photo that is on file at the registry for Maria Rodriguez. I showed Esther this photo and she stated that she didn't know that person.

I asked Esther where she got the money to make bail. She said that her mother got it from her uncle in Wisconsin. I asked her how she managed to get it from him overnight. She said that her mother keeps some of her uncle's money. I asked her what her uncle's name is and she said, " I don't give it out."

I asked Esther if she knew Angela Sandoval and she said no. I asked her if she ever used a check from Angela Sandoval to pay for anything at Tracy School and she said, "No. Why would I." I asked her if she ever used a check from Angela Sandoval to pay Premier Insurance and she said "No."

I asked Esther if she has used any credit card in any other person's name since she was released from jail. She stated, " I only used the ATM card from Gladys or my Citizen's Bank card." I asked her if she has ever stolen any mail from anyone and she said no. I asked her if she had any knowledge of anyone stealing mail and she said no. I asked her if she has ever deposited any checks that she had reason to believe were stolen and she said no. I asked her if she deposited any check that was made out to a name other than hers and she said no. I asked her if she has applied for credit cards in any name other than her own and she said no. I asked her if she was aware of Gladys stealing other people's mail and she said no.

I asked her if she knows Susan Hogan and she said no. I asked her if she knows Gloria Crompton and she said no. I asked her if she has a newspaper route and she said no. I asked her if any member of her family has a newspaper delivery route and she responded, "Sterling, my brother." I asked her if she has ever delivered the newspapers for Sterling and she stated, "No. I bring him. I drive him to one corner and then pick him up at the other corner."

I asked her who is Caridad Irizarry and she said that it is Gladys' sister. I asked her where Caridad lives and she said that she lives in Puerto Rico. I asked her if she has ever met Caridad and she said that she met her about two years ago. I asked her how long Caridad has lived in Puerto Rico and she said that she didn't know.

I asked her if she knew Joel Rodriguez and she said, "No. Antonio Rodriguez but not Joel." I asked her if she could explain how checks from Joel Rodriguez could be deposited in her account. She responded, " I spoke with the bank about it. I received checks at my house with the name of Joel Rodriguez that were deposited in my account. The bank sent them to me. I asked the bank where they came from. They said they were gonna look into it. They opened another account for me for that reason." I asked her if the bank ever gave her an explanation for this and she said no. I asked her who she dealt with at the bank and she said that she called the 800 number and they opened another account for her.

I asked Esther if she knows anyone by the name of Carlos Rodriguez and she said yes. She said that she has known him for 10 years. She said that he has lived in New York for the past 2 or 3 years but he used to live on Holland Ave. I asked her if there was any reason that a check in the name of Carlos Rodriguez would be deposited or cashed by her and she said no.

I asked Esther if she knew who Iris Percel is. She responded, "My mother's sister. She lives in the Dominican Republic. She lived in Lynn but she has lived back in the Dominican Republic for the past 3 to 4 years." I asked her how old Iris was and she

responded, "She'll be 40. She's younger than my mother. She was born in 1964. My mother was born in 1957 or 1959."

I asked Esther if she knows anyone by the name of Sant Amero Gonzolo. She stated, "That's my ex-boyfriend. He lives in New York right now. I went out with him for about one month, 2 to 3 months ago. He lives in Manhatten." I asked her how this affected her relationship with Gladys Cabrera and she just shrugged. I asked her who is Marco Mizhirumbay and she stated, " He used to live at my house at 100 New Park. He lived there before I did." I asked her when she moved from Kirtland St. to New Park St. and she responded, " Nov. 1st. Maybe 3 or 4 days before. Oct. 28th. " I asked her who she lived with at Kirtland St. and she stated, " Yesenia Ramos, her boyfriend Vladimir sometimes stayed there. They live on the first floor. Gladys used to stay there sometimes and Antonio Rodriguez, that's all."

I asked Esther where her mother lives. She said, " In a shelter. I don't know the name. She lost her apartmen, and had no place to stay. She spends time at Kirtland St. because it's boring to stay at the shelter."

I asked Esther who receives mail at her apartment on New Park St. She said, "Me, my kids, and Mizhirumbay." She stated, " The utilities wouldn't let me change to my name when I moved in. They said that he can only change the name. The bills still come in his name and I pay them. The gas bill and the telephone bill come in Mizhirumbay's name. The electric bill comes in the name current resident and I pay it." I asked Esther if she personally knows Mizhirumbay and she said no. She stated, " I called information to find out his number but the only number that comes up is mine, #781-598-6420." I asked Esther what her cell phone number was and she stated, " #339-927-7035." I asked her if she had more than one cell phone and she said no. I asked her what Yesenia's phone number is and she stated, "#781-595-7393."

I asked Esther if she could explain how a check that was mailed from Yasi and Yasi law offices to Gleiry Lopez could end up deposited in her account and she said "I don't know."

I asked Esther if she would consent to let us search her apartment. I told her that we wanted to search for things related to our investigation. I told her that we would also take things that supported her story if we found anything of that nature. I told her that I could make no promises if she cooperated and consented to the search but that I would make her cooperation known to the court. She agreed to let us search her apartment if she could be present. We agreed to this stipulation. I prepared a Consent to Search form and I reviewed this form with Arias and she signed it.

While I was sitting with Arias in the interview room, after this statement had been taken, she suddenly became emotional. She started to cry and she stated to me, " Chris, I have to get out of here. I can give you the biggest dealer in the city. If I do that can you get me out of here." I told Esther that right now I was focusing on this investigation and that I wasn't going to make any deals with her.

After the Consent to Search had been reviewed and signed we went to 100 New Park St. While we were enroute to that location I observed Gladys Cabrera driving a motor vehicle on New Park St. and she was taken into custody. Upon arriving at the second floor of 100 New Park St. we used a key to enter. I asked Arias if she wanted anything to eat or drink and she said no. While we were there she asked if she could brush her teeth and she was allowed to do this. At one point she also asked if she could use the phone to call her mother. I provided her with a Lynn Police cellular phone to make a call. She spoke on the phone for approximately 5 minutes.

We conducted a search of the apartment and numerous items were seized as evidence. A complete inventory of the items seized will be submitted. Many of the items seized corroborated complaints made by various victims of check and credit card fraud.

Upon returning to the station I informed Esther that we found evidence during the search that further implicated her in an ongoing check and credit card fraud investigation. I told her that I believed that she had knowledge about the location of the Lincoln Navigator that was purchased in the name of Gleiry Lopez. I told her that if she assisted us in locating the Lincoln Navigator I would make her cooperation known to the court. Esther responded by stating that she didn't know anything about a Lincoln Navigator. She was then returned to the cellblock.

This is an ongoing investigation.

*L.T. C Reddy*

Lt. Christopher Reddy. #6213

## **ATTACHMENT "B"**
## **to EXHIBIT TWO**

Lynn Police Department

Report No. 04-02062

# LYNN POLICE DEPARTMENT
## INCIDENT REPORT

**Page 1 of 1**                                        Report #04/ 02062

**Location of Incident:**       New Park St.
**Nature of Incident:**  Warrant Arrest, Operating M/V without being licensed
**Date Reported:** 1/10/04      **Time Reported:** 13:30       **Date of Incident:** 1/10/04


Gladys Cabrera       10/25/75       F   H   100 New Park St. #2, Lynn or
                                             111 Walnut St., Brockton


On the above date and time Lt. C. Reddy was operating an unmarked cruiser on New Park St. Off. C. Green and Det. R. Rawston were in the cruiser with me.  As I drove down New Park St. I observed a red 1999 Dodge Caravan bearing Massachusetts Pupil registration #16372. I recognized the operator of the minivan to be Gladys Cabrera. I had obtained an arrest warrant for Cabrera on 1/9/04 for the offenses of Forgery, Uttering, Larceny and Receiving stolen property and I was aware that the warrant was still active. Cabrera is a suspect in numerous other cases of check and credit card fraud that are currently under investigation by this officer and Det. T. Ferrari.

I signaled for Cabrera to pull over and she did. I approached her and asked her for her license. She stated, " I don't have a license." I asked her for her name and d.o.b. She identified herself as Gladys Cabrera d.o.b. 10/25/75. I placed her under arrest on the outstanding warrant and she was handcuffed. She was transported to the station by C-11, Hallisey and Det. Rawston. A license check was conducted and it confirmed that Cabrera did not have an active license.

I took possession of several bags that were on the seat next to Cabrera as part of her property. Det. Ferrari conducted a search of the interior of the vehicle and recovered a store receipt from Stop and Shop and a gift certificate from Demoulas. These items were seized as evidence. The vehicle was secured and the owner was notified to pick it up.

The property in the bags on the seat next to Cabrera were inventoried at the station and I observed numerous documents in various names other than this defendants. These documents included photo ID's, credit cards, U.S. Mail, and numerous other items. Several of the documents had the names of recent victims of check and credit card fraud. These documents were seized and held as evidence.

Citation #K0113122 was issued to Cabrera.

*Lt. C. Reddy*

Lt. C. Reddy, #6213

## <u>ATTACHMENT "C"</u>
## <u>to EXHIBIT TWO</u>

Gladys Cabrera

Complaint and Warrant

January 9, 2004

Criminal Docket 0413CR000130

# CRIMINAL DOCKET | 0413CR000130

*(handwritten: Entrance - Bail Only)*

| COURT DIVISION | DATE and JUDGE | DOCKET ENTRY |
|---|---|---|
| Lynn | | |
| ☐ INTERPRETER REQUIRED | *1-12-04* *De* | ☐ Attorney appointed (SJC R. 3:10) |
| | | ☐ Atty denied and Deft Advised per 211D §2A |
| | | ☐ Waiver of counsel found after colloquy |

NAME, ADDRESS AND ZIP CODE OF DEFENDANT

CABRERA, GLADYS
LKA 10 ESSEX STREET
BROCKTON, MA 02301

*ORIGINAL*

*1-12-04 De*

Terms of release set: *1. w/o prej.*
☐ PR  ☑ Bail
☐ Held (276 §58A)
☐ See back for special conditions

Arraigned and advised:
☑ Potential of bail revocation (276 §58)
☐ Right to bail review (276 §58)
☐ Right to drug exam (111E §10)

| DEFT. DOB and SEX | | Advised of right to jury trial: |
|---|---|---|
| 10/25/1975   F | | ☐ Does not waive |
| DATE OF OFFENSE(S) | PLACE OF OFFENSE(S) | ☐ Waiver of jury trial found after colloquy |
| 11/10/2003 | LYNN | |
| COMPLAINANT | POLICE DEPARTMENT (if applicable) | Advised of right to jury trial: |
| REDDY, CHRISTOPHER | LYNN PD | Advised of trial rights as pro se (Supp. R. 4) |
| DATE OF COMPLAINT | RETURN DATE AND TIME | Advised of right of appeal to Appeals Ct. (R. 28) |
| 01/09/2004 | | |

| COUNT/OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| 1. 266/60/B  RECEIVE STOLEN PROPERTY -$250 c266 §60 | | | | | ☐ WAIVED |

| DISPOSITION DATE and JUDGE *11-23-04* | SENTENCE OR OTHER DISPOSITION |
|---|---|
| | ☐ Sufficient facts found but continued without guilty finding until: |
| **DISPOSITION METHOD** | ☐ Probation   ☐ Pretrial Probation (276 §87) - until: |
| ☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning | ☐ To be dismissed upon payment of court costs/restitution |
| | ☐ Dismissed upon: ☐ Request of Comm.  ☐ Request of Victim |
| **FINDING** | ☐ Request of Deft  ☐ Failure to prosecute  ☐ Other: |
| ☐ Not Guilty | ☐ Filed with Deft's consent  ☑ Nolle Prosequi  ☐ Decriminalized (277 §70C) |
| ☐ Guilty | |
| ☐ Not Responsible | |
| ☐ Responsible | FINAL DISPOSITION    JUDGE    DATE |
| ☐ Bench Trial  ☐ No Probable Cause | ☐ Dismissed on recommendation of Probation Dept. |
| ☐ Jury Trial  ☐ Probable Cause | ☐ Probation terminated: defendant discharged |
| ☐ None of the Above | |

| COUNT/OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| 2. 267/1/B  FORGERY OF CHECK c267 §1 | | | | | ☐ WAIVED |

| DISPOSITION DATE and JUDGE *11-23-04* | SENTENCE OR OTHER DISPOSITION |
|---|---|
| | ☐ Sufficient facts found but continued without guilty finding until: |
| **DISPOSITION METHOD** | ☐ Probation   ☐ Pretrial Probation (276 §87) - until: |
| ☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning | ☐ To be dismissed upon payment of court costs/restitution |
| | ☐ Dismissed upon: ☐ Request of Comm.  ☐ Request of Victim |
| **FINDING** | ☐ Request of Deft  ☐ Failure to prosecute  ☐ Other: |
| ☐ Not Guilty | ☐ Filed with Deft's consent  ☑ Nolle Prosequi  ☐ Decriminalized (277 §70C) |
| ☐ Guilty | |
| ☐ Not Responsible | |
| ☐ Responsible | FINAL DISPOSITION    JUDGE    DATE |
| ☐ Bench Trial  ☐ No Probable Cause | ☐ Dismissed on recommendation of Probation Dept. |
| ☐ Jury Trial  ☐ Probable Cause | ☐ Probation terminated: defendant discharged |
| ☐ None of the Above | |

| COUNT/OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| 3. 267/5/B  UTTER FALSE CHECK c267 §5 | | | | | ☐ WAIVED |

| DISPOSITION DATE and JUDGE *11-23-04* | SENTENCE OR OTHER DISPOSITION |
|---|---|
| | ☐ Sufficient facts found but continued without guilty finding until: |
| **DISPOSITION METHOD** | ☐ Probation   ☐ Pretrial Probation (276 §87) - until: |
| ☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning | ☐ To be dismissed upon payment of court costs/restitution |
| | ☐ Dismissed upon: ☐ Request of Comm.  ☐ Request of Victim |
| **FINDING** | ☐ Request of Deft  ☐ Failure to prosecute  ☐ Other: |
| ☐ Not Guilty | ☐ Filed with Deft's consent  ☑ Nolle Prosequi  ☐ Decriminalized (277 §70C) |
| ☐ Guilty | |
| ☐ Not Responsible | |
| ☐ Responsible | FINAL DISPOSITION    JUDGE    DATE |
| ☐ Bench Trial  ☐ No Probable Cause | ☐ Dismissed on recommendation of Probation Dept. |
| ☐ Jury Trial  ☐ Probable Cause | ☐ Probation terminated: defendant discharged |
| ☐ None of the Above | |

| COUNT/OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| 4. 266/30/A  LARCENY OVER $250 c266 §30(1) | | | | | ☐ WAIVED |

| DISPOSITION DATE and JUDGE *11-23-04* | SENTENCE OR OTHER DISPOSITION |
|---|---|
| | ☐ Sufficient facts found but continued without guilty finding until: *TRUE COPY ATTEST* |
| **DISPOSITION METHOD** | ☐ Probation   ☐ Pretrial Probation (276 §87) - until: |
| ☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning | ☐ To be dismissed upon payment of court costs/restitution |
| | ☐ Dismissed upon: ☐ Request of Comm.  ☐ Request of Victim |
| **FINDING** | ☐ Request of Deft  ☐ Failure to prosecute  ☐ Other:   CLERK MAGISTRATE |
| ☐ Not Guilty | ☐ Filed with Deft's consent  ☑ Nolle Prosequi  ☐ Decriminalized (277 §70C)   DISTRICT COURT OF SOUTHERN ESSEX |
| ☐ Guilty | 580 ESSEX STREET |
| ☐ Not Responsible | |
| ☐ Responsible | FINAL DISPOSITION    JUDGE    DATE |
| ☐ Bench Trial  ☐ No Probable Cause | ☐ Dismissed on recommendation of Probation Dept.   LYNN, MASSACHUSETTS 01901 |
| ☐ Jury Trial  ☐ Probable Cause | ☐ Probation terminated: defendant discharged |
| ☐ None of the Above | |

ADDITIONAL COUNTS ATTACHED ☐

| A TRUE COPY ATTEST: **X** | CLERK-MAGISTRATE/ASST. CLERK | ON (DATE) | COURT ADDRESS Lynn District Court 580 Essex Street Lynn,, MA 01901 | JUDGE |
|---|---|---|---|---|

## SCHEDULING HISTORY

| NO. | SCHEDULED DATE | SCHEDULED EVENT | RESULT | JUDGE | TAPE NO. | START | STOP |
|---|---|---|---|---|---|---|---|
| 1 | 1-12-04 | WR an | ☐ Held ☐ Cont'd 2-12-04 PTH | De | 1-016 | 15% | 255 |
| 2 | 2-12-04 | PTH | ☐ Held ☐ Cont'd 3-2-04 SR Lanlin | | 2-63 | 1616 | 1782 |
| 3 | 3-2-04 | SR | ☐ Held ☐ Cont'd 4-6-04 MS Lez | | 2-94 | 2950 | 3240 |
| 4 | 4-6-04 | MLS | ☐ Held ☐ Cont'd Petty | | 0157 | 2857 | 3148 |
| 5 | " | " | ☐ Held ☐ Cont'd 4-13-04 M18 cd " | | 0154 | 0vv | 0776 |
| 6 | | | ☐ Held ☐ Cont'd 11 PU | | | | |
| 7 | 4-13-04 | M/S | ☐ Held ☐ Cont'd 4-29-04 m/s #4 | Flatty | 4-132 | 2109 | 2292 |
| 8 | 4/30/04 | m/s | ☐ Held ☐ Cont'd 5/4/04 m/s #4 | Fatly | 4-132 | 2109 | 2295 |
| 9 | 5-4-04 | m/s | ☐ Held ☐ Cont'd 7-20-04 BT | Flatz | 4-158 | 1305 | |
| 10 | 7-14-04 | BF | ☐ Held ☐ Cont'd 7-20-04 SR #2 | Flaley | 4-236 | 3840 | 3050 |

ARR=Arraignment  PT=Pretrial hearing  CE=Discovery compliance and jury election  T=Bench trial  J=Jury Trial  PC=Probable cause hearing  M=Motion hearing  SR=Status review
SRP=Status review of payments  FA=First appearance in jury session  S=Sentencing  CW=Continuance-without-finding scheduled to terminate  P=Probation scheduled to terminate
DFTA=Defendant failed to appear and was defaulted  WAR=Warrant issued  WARD=Default warrant issued  WR=Warrant or default warrant recalled  PR=Probation revocation hearing

| ENTRY DATE | OTHER DOCKET ENTRIES |
|---|---|
| 1-9-04 | (Dt warrant iss kn) |
| 1/12/04 | war not recalled systemdown lynn arrest |
| " | **VOP GIVEN IN HAND** |
| | |
| 5-4-04 | Bail set at 25,000 w/s $2500. Cash |
| 7-1-04 | Bail petition filed - petition allowed, Lowy J. |
| 7-14-04 | S/l on SR (N) to cort. |
| 7-20-04 | Court orders Bail in amount of $2500 Cash plus an additional $2500 cash that was posted on 03 13CR7319 for a Total of $5000. - Balance due at this date $2500 |

## ADDITIONAL ASSESSMENTS IMPOSED OR WAIVED

| DATE IMPOSED and JUDGE | TYPE OF ASSESSMENT | AMOUNT | DUE DATES and COMMENTS | ✓WAIVED |
|---|---|---|---|---|
| 1-12-04 De | Legal Counsel Fee (211D §2A ¶2) | 150 | pd to Probation 14737 V 11-23-04 w/ck | |
| | Legal Counsel Contribution (211D §2) | | | |
| | Court Costs (280 §6) | | | |
| | Drug Analysis Fee (280 §6B) | | | |
| | OUI §24D Fee (90 §24D ¶9) | | | |
| | OUI Head Injury Surfine (90 §24[1][a][1] ¶2) | | | |
| | Probation Supervision Fee (276 §87A) | | | |
| | Default Warrant Assessment Fee (276 §30 ¶2) | | TRUE COPY ATTEST | |
| | Default Warrant Removal Fee (276 §30 ¶1) | | Jane Burk, Esquire  CLERK MAGISTRATE  DISTRICT COURT OF SOUTHERN ESSEX  580 ESSEX STREET  LYNN, MASSACHUSETTS 01901 | |

## SCHEDULING HISTORY

| NO. | SCHEDULED DATE | SCHEDULED EVENT | RESULT | | JUDGE | TAPE NO. | START | STOP |
|-----|----------------|-----------------|--------|---|-------|----------|-------|------|
| 1 | 7.20.04 | SR | ☐ Held ☐ Cont'd  9-20-04  BT | | Flatty | 4-247 | 1760 | 2745 |
| 2 | 9 20 4 | BT | ☐ Held ☐ Cont'd  11-23 04  BT | | Chen | 2416 | 1610 | 1685 |
| 3 | 11.23.04 | BT | ☐ Held ☐ Cont'd  nolle Pros. | | | 2521 | 196 | 225 |
| 4 | | | ☐ Held ☐ Cont'd  atty fee flu | | | | | |
| 5 | | | ☐ Held ☐ Cont'd | | | | | |
| 6 | | | ☐ Held ☐ Cont'd | | | | | |
| 7 | | | ☐ Held ☐ Cont'd | | | | | |
| 8 | | | ☐ Held ☐ Cont'd | | | | | |
| 9 | | | ☐ Held ☐ Cont'd | | | | | |
| 10 | | | ☐ Held ☐ Cont'd | | | | | |

ARR=Arraignment   PT=Pretrial hearing   CE=Discovery compliance and jury election   T=Bench trial   J=Jury Trial   PC=Probable cause hearing   M=Motion hearing   SR=Status review
SRP=Status review of payments   FA=First appearance in jury session   S=Sentencing   CW=Continuance-without-finding scheduled to terminate   P=Probation scheduled to terminate
DFTA=Defendant failed to appear and was defaulted   WAR=Warrant issued   WARD=Default warrant issued   WR=Warrant or default warrant recalled   PR=Probation revocation hearing

| ENTRY DATE | OTHER DOCKET ENTRIES |
|------------|----------------------|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

## ADDITIONAL ASSESSMENTS IMPOSED OR WAIVED

| DATE IMPOSED and JUDGE | TYPE OF ASSESSMENT | AMOUNT | COMMENTS | WAIVED |
|------------------------|--------------------|--------|----------|--------|
| | Legal Counsel Fee (211D §2A ¶2) | | | |
| | Legal Counsel Contribution (211D §2) | | | |
| | Court Costs (280 §6) | | | |
| | Drug Analysis Fee (280 §6B) | | | |
| | OUI §24D Fee (90 §24D ¶9) | | | |
| | OUI Head Injury Surfine (90 §24[1][a][1] ¶2) | | | |
| | Probation Supervision Fee (276 §87A) | | | |
| | Default Warrant Assessment Fee (276 §30 ¶2) | | | |
| | Default Warrant Removal Fee (276 §30 ¶1) | | | |

TRUE COPY ATTEST

_____ Bradley, maple?

CLERK MAGISTRATE
DISTRICT COURT OF SOUTHERN ESSEX
580 ESSEX STREET
LYNN, MASSACHUSETTS 01901

BAIL
DATE RECEIVED  9/23/04
PAGE  73, Bk 3
AMOUNT  $2500.00
DATE RETURNED  12-20-04
CHECK #  14836

ORIGINAL

DEFENDANT

CABRERA, GLADYS
LKA 10 ESSEX STREET
BROCKTON, MA 02301

**Trial Court of Massachusetts**

**Lynn District Court**

TO ANY JUSTICE OR CLERK-MAGISTRATE
OF THE LYNN DISTRICT COURT

| DATE OF BIRTH | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR |
|---|---|---|---|---|---|---|
| 10/25/1975 | F | U | 5'02" | 150 | BRO | BLK |

| INCIDENT REPORT # | SOCIAL SECURITY # |
|---|---|
| 03/80936 | 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 |

| DATE OF OFFENSE | PLACE OF OFFENSE |
|---|---|
| 11/10/2003 | LYNN |

| COMPLAINANT | POLICE DEPARTMENT |
|---|---|
| REDDY, CHRISTOPHER | LYNN PD |

| DATE OF COMPLAINT | RETURN DATE AND TIME |
|---|---|
| 01/09/2004 | |

The undersigned complainant, on behalf of the Commonwealth, on oath complains that on the date and at the location stated herein the defendant did commit the offense(s) listed below.

COUNT-OFFENSE

1. 266/60/B  RECEIVE STOLEN PROPERTY -$250 c266 §60

on 11/10/2003 did buy, receive or aid in the concealment of stolen or embezzled property of RICHARD COVIELLO, of a value not exceeding $250, knowing such property to have been stolen or embezzled, in violation of G.L. c.266, §60.  (PENALTY: jail or house of correction not more than 2½ years; or not more than $250.)

COUNT-OFFENSE

2. 267/1/B  FORGERY OF CHECK c267 §1

on 11/10/2003, with intent to injure or defraud, did falsely make, alter, forge or counterfeit an order for money, to wit: a check, in violation of G.L. c.267, §1. (PENALTY: state prison not more than 10 years; or jail not more than 2 years.)

COUNT-OFFENSE

3. 267/5/B  UTTER FALSE CHECK c267 §5

on 11/10/2003, with intent to injure or defraud, did utter and publish as true a false, forged or altered order for money, to wit: a check, knowing it to be false, forged or altered, in violation of G.L. c.267, §5.  (PENALTY: state prison not more than 10 years; or jail not more than 2 years.)

COUNT-OFFENSE

4. 266/30/A  LARCENY OVER $250 c266 §30(1)

on 11/10/2003 did steal the property of RICHARD COVIELLO, such property having a value of more than $250, in violation of G.L. c.266, §30(1).  (PENALTY: state prison not more than 5 years; or jail not more than 2 years and not more than $25,000.)

TRUE COPY ATTEST

CLERK MAGISTRATE
DISTRICT COURT OF SOUTHERN ESSEX
580 ESSEX STREET
LYNN MASSACHUSETTS 01901

| COMPLAINANT | SWORN TO BEFORE CLERK-MAGISTRATE | ON (DATE) | TOTAL COUNTS |
|---|---|---|---|
| X | X | 1-9-04 | 4 |

FIRST JUSTICE
Hon. JOSEPH DEVER

A TRUE CLERK-MAGISTRATE/ASST. CLERK
COPY
ATTEST: X

ON (DATE)

COURT ADDRESS   Lynn District Court
580 Essex Street
Lynn,, MA 01901

# ATTACHMENT "D"
# to EXHIBIT TWO

Esther Arias

Complaint and Warrant

January 9, 2004

Criminal Docket 0413CR000131

| CRIMINAL DOCKET | DOCKET NO. 0413CR000131 | ATTORNEY NAME M. Mahoney (Bail only) |
|---|---|---|

| COURT DIVISION Lynn | ☐ INTERPRETER REQUIRED | DATE and JUDGE 1-12-04 | DOCKET ENTRY |
|---|---|---|---|

NAME, ADDRESS AND ZIP CODE OF DEFENDANT
ARIAS, ESTHER
100 NEW PARK, #2
LYNN, MA 01905

ORIGINAL (AKA Exists)

☑ Attorney appointed (SJC R. 3:10)
☐ Atty denied and Deft Advised per 211D §2A
☐ Waiver of counsel found after colloquy

1-12-04

Terms of release set ☑ . w/o prej
☐ PR ☑ Bail:
☐ Held (276 §58A)
☐ See back for special conditions

| DEFT. DOB and SEX 01/03/1978    F | | Arraigned and advised: |
|---|---|---|

☑ Potential of bail revocation (276 §58)
☐ Right to bail review (276 §58)
☐ Right to drug exam (111E §10)

| DATE OF OFFENSE(S) 11/26/2003 | PLACE OF OFFENSE(S) LYNN |
|---|---|

Advised of right to jury trial:
☐ Does not waive
☐ Waiver of jury trial found after colloquy

| COMPLAINANT REDDY, CHRISTOPHER | POLICE DEPARTMENT (if applicable) LYNN PD |
|---|---|

| DATE OF COMPLAINT 01/09/2004 | RETURN DATE AND TIME |
|---|---|

Advised of trial rights as pro se (Supp. R. 4)
Advised of right of appeal to Appeals Ct (R. 28)

| COUNT/OFFENSE 1. 266/37E IDENTITY FRAUD c266 §37E | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT ☐ WAIVED |
|---|---|---|---|---|---|

DISPOSITION DATE and JUDGE
11-18-04 Wenfle

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation          ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☐ Dismissed upon: ☐ Request of Comm. ☐ Request of Victim
     ☐ Request of Deft ☐ Failure to prosecute ☐ Other:
☐ Filed with Deft's consent  ☑ Nolle Prosequi  ☐ Decriminalized (277 §70C)

DISPOSITION METHOD
☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☐ Jury Trial
☐ None of the Above

FINDING
☐ Not Guilty
☐ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

FINAL DISPOSITION
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

| JUDGE | DATE |
|---|---|

| COUNT/OFFENSE 2. 267/1/A FORGERY OF DOCUMENT c267 §1 | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT ☐ WAIVED |
|---|---|---|---|---|---|

DISPOSITION DATE and JUDGE
11-18-04 Wenfle

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation          ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☐ Dismissed upon: ☐ Request of Comm. ☐ Request of Victim
     ☐ Request of Deft ☑ Failure to prosecute ☐ Other:
☐ Filed with Deft's consent  ☑ Nolle Prosequi  ☐ Decriminalized (277 §70C)

DISPOSITION METHOD
☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☐ Jury Trial
☐ None of the Above

FINDING
☐ Not Guilty
☐ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

FINAL DISPOSITION
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

| JUDGE | DATE |
|---|---|

| COUNT/OFFENSE 3. 267/1/A FORGERY OF DOCUMENT c267 §1 | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT ☐ WAIVED |
|---|---|---|---|---|---|

DISPOSITION DATE and JUDGE
11-18-04 Wenfle

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation          ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☐ Dismissed upon: ☐ Request of Comm. ☐ Request of Victim
     ☐ Request of Deft ☐ Failure to prosecute ☐ Other:
☐ Filed with Deft's consent  ☑ Nolle Prosequi  ☐ Decriminalized (277 §70C)

DISPOSITION METHOD
☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☐ Jury Trial
☐ None of the Above

FINDING
☐ Not Guilty
☐ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

FINAL DISPOSITION
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

| JUDGE | DATE |
|---|---|

| COUNT/OFFENSE 4. 267/1/A FORGERY OF DOCUMENT c267 §1 | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT ☐ WAIVED |
|---|---|---|---|---|---|

DISPOSITION DATE and JUDGE
11-18-04 Wenfle

SENTENCE OR OTHER DISPOSITION
☐ Sufficient facts found but continued without guilty finding until:
☐ Probation          ☐ Pretrial Probation (276 §87) - until:
☐ To be dismissed upon payment of court costs/restitution
☐ Dismissed upon: ☐ Request of Comm. ☐ Request of Victim
     ☐ Request of Deft ☐ Failure to prosecute ☐ Other:
☐ Filed with Deft's consent  ☑ Nolle Prosequi  ☐ De...

A TRUE COPY ATTEST

_Jane Brady, Stugido_

CLERK MAGISTRATE

DISTRICT COURT OF SOUTHERN ESSEX
580 ESSEX STREET
LYNN, MASSACHUSETTS 01901

DISPOSITION METHOD
☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☐ Jury Trial
☐ None of the Above

FINDING
☐ Not Guilty
☐ Guilty
☐ Not Responsible
☐ Responsible
☐ No Probable Cause
☐ Probable Cause

FINAL DISPOSITION
☐ Dismissed on recommendation of Probation Dept.
☐ Probation terminated: defendant discharged

☑ ADDITIONAL COUNTS ATTACHED

| A TRUE | CLERK-MAGISTRATE/ASST. CLERK    X | ON (DATE) | COURT ADDRESS Lynn District Court 580 Essex Street Lynn, MA 01901 |
|---|---|---|---|

# ADDITIONAL COUNTS

Page 2 Of 2

| DOCKET NUMBER |
|---|
| 0413CR000131 |

| COUNT-OFFENSE | V/W FEE | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|
| 5.  267/1/A  FORGERY OF DOCUMENT c267 §1 | | | | | |

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION | |
|---|---|---|---|
| | ☐ Not Guilty   ☐ Guilty   ☐ Nolo | | |
| | ☐ New Plea:   ☐ Admits suff. facts | | |
| 11-18-04 | FINDING *nolle prossed*   JUDGE | FINAL DISPOSITION | DATE |
| | ☐ Cont. w/o finding until: | ☐ Discharged from probation | |
| | ☐ Appeal of find. & disp.   ☐ Appeal of disp. | ☐ Dismissed at request of probation | |

| COUNT-OFFENSE | V/W FEE | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|
| 6.  267/1/A  FORGERY OF DOCUMENT c267 §1 | | | | | |

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION | |
|---|---|---|---|
| | ☐ Not Guilty   ☐ Guilty   ☐ Nolo | | |
| | ☐ New Plea:   ☐ Admits suff. facts | | |
| 11-18-04 | FINDING   JUDGE | FINAL DISPOSITION | DATE |
| | ☐ Cont. w/o finding until: | ☐ Discharged from probation | |
| | ☐ Appeal of find. & disp.   ☐ Appeal of disp. | ☐ Dismissed at request of probation | |

| COUNT-OFFENSE | V/W FEE | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|
| 7.  267/5/A  UTTER FALSE WRITING c267 §5 | | | | | |

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION | |
|---|---|---|---|
| | ☐ Not Guilty   ☐ Guilty   ☐ Nolo | | |
| | ☐ New Plea:   ☐ Admits suff. facts | | |
| 11-18-04 | FINDING   JUDGE | FINAL DISPOSITION | DATE |
| | ☐ Cont. w/o finding until: | ☐ Discharged from probation | |
| | ☐ Appeal of find. & disp.   ☐ Appeal of disp. | ☐ Dismissed at request of probation | |

| COUNT-OFFENSE | V/W FEE | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|
| 8.  267/5/A  UTTER FALSE WRITING c267 §5 | | | | | |

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION | |
|---|---|---|---|
| | ☐ Not Guilty   ☐ Guilty   ☐ Nolo | | |
| | ☐ New Plea:   ☐ Admits suff. facts | | |
| 11-18-04 | FINDING   JUDGE | FINAL DISPOSITION | DATE |
| | ☐ Cont. w/o finding until: | ☐ Discharged from probation | |
| | ☐ Appeal of find. & disp.   ☐ Appeal of disp. | ☐ Dismissed at request of probation | |

| COUNT-OFFENSE | V/W FEE | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|
| 9.  267/5/A  UTTER FALSE WRITING c267 §5 | | | | | |

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION | |
|---|---|---|---|
| | ☐ Not Guilty   ☐ Guilty   ☐ Nolo | | |
| | ☐ New Plea:   ☐ Admits suff. facts | | |
| 11-18-04 | FINDING   JUDGE | FINAL DISPOSITION | DATE |
| | ☐ Cont. w/o finding until: | ☐ Discharged from probation | |
| | ☐ Appeal of find. & disp.   ☐ Appeal of disp. | ☐ Dismissed at request of probation | |

| COUNT-OFFENSE | V/W FEE | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|
| 10.  267/5/A  UTTER FALSE WRITING c267 §5 | | | | | |

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION | |
|---|---|---|---|
| | ☐ Not Guilty   ☐ Guilty   ☐ Nolo | TRUE COPY ATTEST | |
| | ☐ New Plea:   ☐ Admits suff. facts | CLERK MAGISTRATE | |
| 11-18-04 | FINDING   JUDGE | DISTRICT COURT OF SOUTHERN ESSEX | |
| | ☐ Cont. w/o finding until: | FINAL DISPOSITION   580 ESSEX STREET   DATE | |
| | ☐ Appeal of find. & disp.   ☐ Appeal of disp. | ☐ Discharged from probation   LYNN MASSACHUSETTS 01901 | |
| | | ☐ Dismissed at request of probation | |

# ADDITIONAL COUNTS

Page 3 Of 3

**DOCKET NUMBER** 0413CR000131

| COUNT-OFFENSE | | V/W FEE | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|---|
| 11. 267/5/A  UTTER FALSE WRITING c267 §5 | | | | | | |

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| 11-18-04 | ☐ Not Guilty  ☐ Guilty  ☐ Nolo<br>☐ New Plea:  ☐ Admits suff. facts<br>FINDING *N P*  JUDGE *mehle*<br>☐ Cont. w/o finding until:<br>☐ Appeal of find. & disp.  ☐ Appeal of disp. | FINAL DISPOSITION            DATE<br>☐ Discharged from probation<br>☐ Dismissed at request of probation |

| COUNT-OFFENSE | | V/W FEE | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|---|
| 12. 266/37C/A  CREDIT CARD FRAUD OVER $250 c266 §37C(e) | | | | | | |

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| 11-18-04 | ☐ Not Guilty  ☐ Guilty  ☐ Nolo<br>☐ New Plea:  ☐ Admits suff. facts<br>FINDING *N P*  JUDGE *mehle*<br>☐ Cont. w/o finding until:<br>☐ Appeal of find. & disp.  ☐ Appeal of disp. | FINAL DISPOSITION            DATE<br>☐ Discharged from probation<br>☐ Dismissed at request of probation |

| COUNT-OFFENSE | | V/W FEE | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|---|
| 13. 266/37B/F  CREDIT CARD, IMPROPER USE UNDER $250 c266 | | | | | | |

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| 11-18-04 | ☐ Not Guilty  ☐ Guilty  ☐ Nolo<br>☐ New Plea:  ☐ Admits suff. facts<br>FINDING *N P*  JUDGE *mehle*<br>☐ Cont. w/o finding until:<br>☐ Appeal of find. & disp.  ☐ Appeal of disp. | FINAL DISPOSITION            DATE<br>☐ Discharged from probation<br>☐ Dismissed at request of probation |

| COUNT-OFFENSE | | V/W FEE | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|---|
| 14. 266/37B/F  CREDIT CARD, IMPROPER USE UNDER $250 c266 | | | | | | |

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| 11-18-04 | ☐ Not Guilty  ☐ Guilty  ☐ Nolo<br>☐ New Plea:  ☐ Admits suff. facts<br>FINDING *N P*  JUDGE *mehle*<br>☐ Cont. w/o finding until:<br>☐ Appeal of find. & disp.  ☐ Appeal of disp. | FINAL DISPOSITION            DATE<br>☐ Discharged from probation<br>☐ Dismissed at request of probation |

| COUNT-OFFENSE | | V/W FEE | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|---|
| 15. 266/37B/F  CREDIT CARD, IMPROPER USE UNDER $250 c266 | | | | | | |

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| 11-18-04 | ☐ Not Guilty  ☐ Guilty  ☐ Nolo<br>☐ New Plea:  ☐ Admits suff. facts<br>FINDING *N P*  JUDGE *mehle*<br>☐ Cont. w/o finding until:<br>☐ Appeal of find. & disp.  ☐ Appeal of disp. | FINAL DISPOSITION            DATE<br>☐ Discharged from probation<br>☐ Dismissed at request of probation |

| COUNT-OFFENSE | | V/W FEE | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|---|
| 16. 266/37B/F  CREDIT CARD, IMPROPER USE UNDER $250 c266 | | | | TRUE COPY ATTEST | | |

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| 11-18-04 | ☐ Not Guilty  ☐ Guilty  ☐ Nolo<br>☐ New Plea:  ☐ Admits suff. facts<br>FINDING *N P*  JUDGE *mehle*<br>☐ Cont. w/o finding until:<br>☐ Appeal of find. & disp.  ☐ Appeal of disp. | FINAL DISPOSITION            DATE<br>☐ Discharged from probation<br>☐ Dismissed at request of probation |

CLERK MAGISTRATE
DISTRICT COURT OF SOUTHERN ESSEX
580 ESSEX STREET
LYNN, MASSACHUSETTS 01901

# ADDITIONAL COUNTS

**Page 4 Of 4**

| | DOCKET NUMBER |
|---|---|
| | 0413CR000131 |

| COUNT-OFFENSE | | V/W FEE | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|---|
| 17. 266/30/A LARCENY OVER $250 c266 §30(1) | | | | | | |

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| | ☐ Not Guilty   ☐ Guilty   ☐ Nolo | |
| | ☐ New Plea:   ☐ Admits suff. facts | |
| 11-18-04 | FINDING NP   JUDGE meyler | FINAL DISPOSITION                    DATE |
| | ☐ Cont. w/o finding until: | ☐ Discharged from probation |
| | ☐ Appeal of find. & disp.   ☐ Appeal of disp. | ☐ Dismissed at request of probation |

| COUNT-OFFENSE | | V/W FEE | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|---|
| 18. 266/30/C LARCENY UNDER $250 c266 §30(1) | | | | | | |

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| | ☐ Not Guilty   ☐ Guilty   ☐ Nolo | |
| | ☐ New Plea:   ☐ Admits suff. facts | |
| 11-18-04 | FINDING NP   JUDGE meyler | FINAL DISPOSITION                    DATE |
| | ☐ Cont. w/o finding until: | ☐ Discharged from probation |
| | ☐ Appeal of find. & disp.   ☐ Appeal of disp. | ☐ Dismissed at request of probation |

| COUNT-OFFENSE | | V/W FEE | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|---|
| 19. 266/30/C LARCENY UNDER $250 c266 §30(1) | | | | | | |

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| | ☐ Not Guilty   ☐ Guilty   ☐ Nolo | |
| | ☐ New Plea:   ☐ Admits suff. facts | |
| 11-18-04 | FINDING NP   JUDGE meyler | FINAL DISPOSITION                    DATE |
| | ☐ Cont. w/o finding until: | ☐ Discharged from probation |
| | ☐ Appeal of find. & disp.   ☐ Appeal of disp. | ☐ Dismissed at request of probation |

| COUNT-OFFENSE | | V/W FEE | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|---|
| 20. 266/30/C LARCENY UNDER $250 c266 §30(1) | | | | | | |

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| | ☐ Not Guilty   ☐ Guilty   ☐ Nolo | |
| | ☐ New Plea:   ☐ Admits suff. facts | |
| 11-18-04 | FINDING NP   JUDGE meyler | FINAL DISPOSITION                    DATE |
| | ☐ Cont. w/o finding until: | ☐ Discharged from probation |
| | ☐ Appeal of find. & disp.   ☐ Appeal of disp. | ☐ Dismissed at request of probation |

| COUNT-OFFENSE | | V/W FEE | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|---|
| 21. 266/30/C LARCENY UNDER $250 c266 §30(1) | | | | | | |

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| | ☐ Not Guilty   ☐ Guilty   ☐ Nolo | |
| | ☐ New Plea:   ☐ Admits suff. facts | |
| 11-18-04 | FINDING NP   JUDGE meyler | FINAL DISPOSITION                    DATE |
| | ☐ Cont. w/o finding until: | ☐ Discharged from probation |
| | ☐ Appeal of find. & disp.   ☐ Appeal of disp. | ☐ Dismissed at request of probation |

| COUNT-OFFENSE | | V/W FEE | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|---|
| | | | | | | |

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION   CLERK MAGISTRATE |
|---|---|---|
| | ☐ Not Guilty   ☐ Guilty   ☐ Nolo | DISTRICT COURT OF SOUTHERN ESSEX |
| | ☐ New Plea:   ☐ Admits suff. facts | 580 ESSEX STREET |
| 11-18-04 | FINDING NP   JUDGE meyler | LYNN MASSACHUSETTS 01901 |
| | ☐ Cont. w/o finding until: | FINAL DISPOSITION                    DATE |
| | ☐ Appeal of find. & disp.   ☐ Appeal of disp. | ☐ Discharged from probation |
| | | ☐ Dismissed at request of probation |

DOCKET NUMBER: **0413CR000131**        NAME: **ARIAS, ESTHER**

## SCHEDULING HISTORY

| NO. | SCHEDULED DATE | SCHEDULED EVENT | RESULT | | | JUDGE | TAPE NO. | START | STOP |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 1-12-04 | Arr | ☐ Held ☐ Cont'd | 2-11-04 | PC | De | 1-016 | 1590 | 2915 |
| 2 | 2-11-04 | PC | ☐ Held ☐ Cont'd | 3-2-04 | PC | Flatly | 2-54 | 2256 | 3367 |
| 3 | 3-2-04 | PC | ☐ Held ☐ Cont'd | 4-6-04 MS 11am | Laza | 2-94 | 2556 | 3172 |
| 4 | | | ☐ Held ☐ Cont'd | | | | | | |
| 5 | 4-6-04 | M/S | ☐ Held ☐ Cont'd | 4-13-04 | M/S | Flatly | 2-153 | 2857 | 3899 |
| 6 | | | ☐ Held ☐ Cont'd | 11am | | | 2-154 | 0000 | 3770 |
| 7 | 4-13-04 | M/S | ☐ Held ☐ Cont'd | 4-27-04 M/S #4 | | Flatly | 4-132 | 2069 | 2226 |
| 8 | 4-27-04 | M/S | ☐ Held ☐ Cont'd | 4-30-04 M/S 11amun | | Flatley | 1-182 | 940 | 1200 |
| 9 | 4/30/04 | M/S | ☐ Held ☐ Cont'd | 5/10/04 M/S #4 2pm | | Flatley | 4-153 | 1500 | 3887 |
| 10 | 5-10-04 | M/S | ☐ Held ☐ Cont'd | 5-17-04 M/S 12pm | | Flatley | 2-225 | 000 | 590 |

ARR=Arraignment  PT=Pretrial hearing  CE=Discovery compliance and jury election  T=Bench trial  J=Jury Trial  PC=Probable cause hearing  M=Motion hearing  SR=Status review  SRP=Status review of payments  FA=First appearance in jury session  S=Sentencing  CW=Continuance-without-finding scheduled to terminate  P=Probation scheduled to terminate  DFTA=Defendant failed to appear and was defaulted  WAR=Warrant issued  WARD=Default warrant issued  WR=Warrant or default warrant recalled  PR=Probation revocation hearing

| ENTRY DATE | OTHER DOCKET ENTRIES |
|---|---|
| 1-9-04 | Stat adjmnt — not held tm |
| 1/12/04 | War not recalled system down |
| " | **VOP GIVEN IN HAND** |
| 3-2-04 | J Lauranzano has retained jurisdiction. |
| 5-12-04 | J T 2.217/1256-3896, T 2.218/000-2545 |
| | C-5-20-04 M/S 12 noon     Flatley J |
| 5-20-04 | C 5-25-04 @ 11am  2-225/1000-3910  /2226-000/1300 |
| 5-25-04 | C- 6-22-04 @ 9:00am   3-096- 901-1116 |
| 6-22-04 | 6-28-04 SH |

## ADDITIONAL ASSESSMENTS IMPOSED OR WAIVED

| DATE IMPOSED and JUDGE | TYPE OF ASSESSMENT | AMOUNT | DUE DATES and COMMENTS | ✓WAIVED |
|---|---|---|---|---|
| 1-12-04 | Legal Counsel Fee (211D §2A ¶2) | ~~ ~~ | | |
| | Legal Counsel Contribution (211D §2) | | | |
| | Court Costs (280 §6) | | | |
| | Drug Analysis Fee (280 §6B) | | | |
| | OUI §24D Fee (90 §24D ¶9) | | | |
| | OUI Head Injury Surfine (90 §24[1][a][1] ¶2) | | | |
| | Probation Supervision Fee (276 §87A) | | | |
| | Default Warrant Assessment Fee (276 §30 ¶2) | | | |
| | Default Warrant Removal Fee (276 §30 ¶1) | | | |

TRUE COPY ATTEST
CLERK MAGISTRATE
DISTRICT COURT OF SOUTHERN ESSEX
580 ESSEX STREET
LYNN MASSACHUSETTS 01901

DOCKET NUMBER: **0413CR000131**          NAME: **ARIAS, ESTHER**

## SCHEDULING HISTORY

| NO. | SCHEDULED DATE | SCHEDULED EVENT | | RESULT | JUDGE | TAPE NO. | START | STOP |
|-----|----------------|-----------------|--|--------|-------|----------|-------|------|
| 1 | 6-28-04 | SR | ☐ Held ☐ Cont'd | 7-7-04 SR + 2 | (name) | 2-376 | 744 | 0-234 |
| 2 | 7-7-04 | SR | ☐ Held ☐ Cont'd | 7-19-04 SR | Flatley | 4-225 | 5100 | 3470 |
| 3 | 7-19-04 | SR | ☐ Held ☐ Cont'd | 7-22-04 SR | Flatley | 4-244 | 1945 | 1851 |
| 4 | 7-22-04 | SR | ☐ Held ☐ Cont'd | 9-7-04 SR-2pm | Flatley | 2-353 | 500 | 3900 |
| 5 | | | ☐ Held ☐ Cont'd | (2-4pm) | Flatley | 2-353 | 000 | 720 |
| 6 | 9-7-04 | SR | ☐ Held ☐ Cont'd | | Flatley | 4-297 | 2170 | 3741 |
| 7 | | | ☐ Held ☐ Cont'd | 10-4-04 SR | Flatley | 4-298 | 000 | 240 |
| 8 | 10-4-04 | SR | ☐ Held ☐ Cont'd | 11-18-04 PC | Flatley | 4-331 | 372 | 3172 |
| 9 | 11-18-04 | PC | ☐ Held ☐ Cont'd | Nolle prossed | Merit | 2-514 | 0740 | 1100 |
| 10 | | | ☐ Held ☐ Cont'd | | | | | |

ARR=Arraignment  PT=Pretrial hearing  CE=Discovery compliance and jury election  T=Bench trial  J=Jury Trial  PC=Probable cause hearing  M=Motion hearing  SR=Status review
SRP=Status review of payments  FA=First appearance in jury session  S=Sentencing  CW=Continuance-without-finding scheduled to terminate  P=Probation scheduled to terminate
DFTA=Defendant failed to appear and was defaulted  WAR=Warrant issued  WARD=Default warrant issued  WR=Warrant or default warrant recalled  PR=Probation revocation hearing

| ENTRY DATE | OTHER DOCKET ENTRIES |
|------------|----------------------|
| 7/28/04 | Habe request faxed to MCI Framingham for 8/7/04. |
| 11/8/04 | Habe request faxed to MCI Framingham for 11/18/04. |
| 11/17/04 | Habe Cancelled - Case will be Nolle Pros. |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

## ADDITIONAL ASSESSMENTS IMPOSED OR WAIVED

| DATE IMPOSED and JUDGE | TYPE OF ASSESSMENT | AMOUNT | DUE DATES and COMMENTS | ✓WAIVED |
|------------------------|--------------------|--------|-----------------------|---------|
| | Legal Counsel Fee (211D §2A ¶2) | | | |
| | Legal Counsel Contribution (211D §2) | | TRUE COPY ATTEST | |
| | Court Costs (280 §6) | | | |
| | Drug Analysis Fee (280 §6B) | | | |
| | OUI §24D Fee (90 §24D ¶9) | | CLERK MAGISTRATE | |
| | OUI Head Injury Surfine (90 §24[1][a][1] ¶2) | | DISTRICT COURT OF SOUTHERN ESSEX | |
| | Probation Supervision Fee (276 §87A) | | 2ND ESSEX STREET | |
| | Default Warrant Assessment Fee (276 §30 ¶2) | | LYNN MASSACHUSETTS 01901 | |
| | Default Warrant Removal Fee (276 §30 ¶1) | | | |
| | | | | |
| | | | | |

| CRIMINAL COMPLAINT | 0413CR000131 |
|---|---|

**Trial Court of Massachusetts**
**Lynn District Court**

DEFENDANT
ARIAS, ESTHER
100 NEW PARK , #2
LYNN, MA 01905

ORIGINAL (AKA Exists)

**TO ANY JUSTICE OR CLERK-MAGISTRATE**
**OF THE LYNN DISTRICT COURT**

| DATE OF BIRTH | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR |
|---|---|---|---|---|---|---|
| 01/03/1978 | F | U | 5'06" | 200 | BRO | BRO |

| INCIDENT REPORT # | SOCIAL SECURITY # |
|---|---|
| 03/88502 | 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 |

| DATE OF OFFENSE | PLACE OF OFFENSE |
|---|---|
| 11/26/2003 | LYNN |

| COMPLAINANT | POLICE DEPARTMENT |
|---|---|
| REDDY, CHRISTOPHER | LYNN PD |

| DATE OF COMPLAINT | RETURN DATE AND TIME |
|---|---|
| 01/09/2004 | |

The undersigned complainant, on behalf of the Commonwealth, on oath complains that on the date and at the location stated herein the defendant did commit the offense(s) listed below.

COUNT-OFFENSE

**1. 266/37E  IDENTITY FRAUD c266 §37E**

on 11/26/2003 - 12/22/2003, with intent to defraud: (1) did pose as another person without the express authorization of such person and use such person's personal identifying information to obtain or to attempt to obtain money, credit, goods, services, something of value, an identification card or other evidence of such person's identity, or to harass another; or (2) did obtain personal identifying information about another person without the express authorization of such person, with the intent to pose as such person, or did obtain personal identifying information about a person without the express authorization of such person in order to assist another to pose as such person, in order to obtain money, credit, goods, services, something of value, an identification card or other evidence of such person's identity, or to harass another; and was thereby guilty of the crime of identity fraud, in violation of G.L. c.266, §37E. (PENALTY: house of correction not more than 2½ years; or fine not more than $5000; or both; and shall be ordered to make restitution for victim's resulting financial loss, including "any costs incurred by such victim in correcting the credit history of such victim or any costs incurred in connection with any civil or administrative proceeding to satisfy any debt or other obligation of such victim, including lost wages and attorney's fees.")

COUNT-OFFENSE

**2. 267/1/A  FORGERY OF DOCUMENT c267 §1**

on 11/26/2003 - 12/22/2003, with intent to injure or defraud, did falsely make, alter, forge or counterfeit a certain writing, to wit: CREDIT CARD RECEIPT, in violation of G.L. c.267, §1. (PENALTY for "forgery of a promissory note, or of an order for money or other property" (see G.L. c. 218, § 26): state prison not more than 10 years; or jail not more than 2 years.  For forgery of any other writing listed in G.L. c.267, §1: NO DISTRICT COURT FINAL JURISDICTION IN ADULT SESSION.)

COUNT-OFFENSE

**3. 267/1/A  FORGERY OF DOCUMENT c267 §1**

on 11/26/2003 - 12/22/2003, with intent to injure or defraud, did falsely make, alter, forge or counterfeit a certain writing, to wit: CREDIT CARD RECEIPT, in violation of G.L. c.267, §1. (PENALTY for "forgery of a promissory note, or of an order for money or other property" (see G.L. c. 218, § 26): state prison not more than 10 years; or jail not more than 2 years.  For forgery of any other writing listed in G.L. c.267, §1: NO DISTRICT COURT FINAL JURISDICTION IN ADULT SESSION.)

TRUE COPY ATTEST
CLERK MAGISTRATE
DISTRICT COURT OF SOUTHERN ESSEX
580 ESSEX STREET
LYNN MA 01901

COUNT-OFFENSE

**4. 267/1/A  FORGERY OF DOCUMENT c267 §1**

on 11/26/2003 - 12/22/2003, with intent to injure or defraud, did falsely make, alter, forge or counterfeit a certain writing, to wit: CREDIT CARD RECEIPT, in violation of G.L. c.267, §1. (PENALTY for "forgery of a promissory note, or of an order for money or other property" (see G.L. c. 218, § 26): state prison not more than 10 years; or jail not more than 2 years.  For forgery of any other writing listed in G.L. c.267, §1: NO DISTRICT COURT FINAL JURISDICTION IN ADULT SESSION.)

| COMPLAINANT X | SWORN TO BEFORE CLERK-MAGISTRATE X | ON (DATE) 1-9-04 | TOTAL COUNTS 21 |
|---|---|---|---|
| FIRST JUSTICE Hon. JOSEPH DEVER | | COURT ADDRESS  Lynn District Court 580 Essex Street Lynn,, MA 01901 | |
| A TRUE CLERK-MAGISTRATE/ASST. CLERK COPY ATTEST: X | ON (DATE) | | |

# ADDITIONAL COUNTS

**Page 2 Of 2**

DOCKET NUMBER
0413CR000131

COUNT-OFFENSE

**5.  267/1/A  FORGERY OF DOCUMENT c267 §1**

on 11/26/2003 - 12/22/2003, with intent to injure or defraud, did falsely make, alter, forge or counterfeit a certain writing, to wit: CREDIT CARD RECEIPT, in violation of G.L. c.267, §1.  (PENALTY for "forgery of a promissory note, or of an order for money or other property" (see G.L. c. 218, § 26): state prison not more than 10 years; or jail not more than 2 years.  For forgery of any other writing listed in G.L. c.267, §1: NO DISTRICT COURT FINAL JURISDICTION IN ADULT SESSION.)

COUNT-OFFENSE

**6.  267/1/A  FORGERY OF DOCUMENT c267 §1**

on 11/26/2003 - 12/22/2003, with intent to injure or defraud, did falsely make, alter, forge or counterfeit a certain writing, to wit: CREDIT CARD RECEIPT, in violation of G.L. c.267, §1.  (PENALTY for "forgery of a promissory note, or of an order for money or other property" (see G.L. c. 218, § 26): state prison not more than 10 years; or jail not more than 2 years.  For forgery of any other writing listed in G.L. c.267, §1: NO DISTRICT COURT FINAL JURISDICTION IN ADULT SESSION.)

COUNT-OFFENSE

**7.  267/5/A  UTTER FALSE WRITING c267 §5**

on 11/26/2003 - 12/22/2003, with intent to injure or defraud, did utter and publish as true a false, forged or altered writing, to wit: a CREDIT CARD RECEIPT, knowing it to be false, forged or altered, in violation of G.L. c.267, §5.  (PENALTY for uttering as true a forged "promissory note, or ... order for money or other property" (see G.L. c. 218, § 26): state prison not more than 10 years; or jail not more than 2 years.  For uttering any other writing listed in G.L. c.267, §§1-4: NO DISTRICT COURT FINAL JURISDICTION IN ADULT SESSION.)

COUNT-OFFENSE

**8.  267/5/A  UTTER FALSE WRITING c267 §5**

on 11/26/2003 - 12/22/2003, with intent to injure or defraud, did utter and publish as true a false, forged or altered writing, to wit: a CREDIT CARD RECEIPT, knowing it to be false, forged or altered, in violation of G.L. c.267, §5.  (PENALTY for uttering as true a forged "promissory note, or ... order for money or other property" (see G.L. c. 218, § 26): state prison not more than 10 years; or jail not more than 2 years.  For uttering any other writing listed in G.L. c.267, §§1-4: NO DISTRICT COURT FINAL JURISDICTION IN ADULT SESSION.)

COUNT-OFFENSE

**9.  267/5/A  UTTER FALSE WRITING c267 §5**

on 11/26/2003 - 12/22/2003, with intent to injure or defraud, did utter and publish as true a false, forged or altered writing, to wit: a CREDIT CARD RECEIPT, knowing it to be false, forged or altered, in violation of G.L. c.267, §5.  (PENALTY for uttering as true a forged "promissory note, or ... order for money or other property" (see G.L. c. 218, § 26): state prison not more than 10 years; or jail not more than 2 years.  For uttering any other writing listed in G.L. c.267, §§1-4: NO DISTRICT COURT FINAL JURISDICTION IN ADULT SESSION.)

TRUE COPY ATTEST

CLERK MAGISTRATE

DISTRICT COURT OF SOUTHERN ESSEX
980 ESSEX STREET
LYNN, MASSACHUSETTS 01901

COUNT-OFFENSE

**10.  267/5/A  UTTER FALSE WRITING c267 §5**

on 11/26/2003 - 12/22/2003, with intent to injure or defraud, did utter and publish as true a false, forged or altered writing, to wit: a CREDIT CARD RECEIPT, knowing it to be false, forged or altered, in violation of G.L. c.267, §5.  (PENALTY for uttering as true a forged "promissory note, or ... order for money or other property" (see G.L. c. 218, § 26): state prison not more than 10 years; or jail not more than 2 years.  For uttering any other writing listed in G.L. c.267, §§1-4: NO DISTRICT COURT FINAL JURISDICTION IN ADULT SESSION.)

| COMPLAINANT | SWORN TO BEFORE CLERK-MAGISTRATE/ASST. CLERK | ON (DATE) |
|---|---|---|
| X | X | 1-7-04 |

# ADDITIONAL COUNTS
**Page 3 Of 3**

DOCKET NUMBER
**0413CR000131**

COUNT-OFFENSE

11. 267/5/A  UTTER FALSE WRITING c267 §5

on 11/26/2003 - 12/22/2003, with intent to injure or defraud, did utter and publish as true a false, forged or altered writing, to wit: a CREDIT CARD RECEIPT, knowing it to be false, forged or altered, in violation of G.L. c.267, §5.  (PENALTY for uttering as true a forged "promissory note, or ... order for money or other property" (see G.L. c. 218, § 26): state prison not more than 10 years; or jail not more than 2 years.  For uttering any other writing listed in G.L. c.267, §§1-4: NO DISTRICT COURT FINAL JURISDICTION IN ADULT SESSION.)

COUNT-OFFENSE

12. 266/37C/A  CREDIT CARD FRAUD OVER $250 c266 §37C(e)

on 11/26/2003 - 12/22/2003, with intent to defraud, did obtain money, goods, services or something else of value, with a value in excess of $250, by representing without the consent of the cardholder that he or she was such cardholder or by representing that he or she was the holder of a card and such card had not in fact been issued, in violation of G.L. c.266, §37C(e).  (PENALTY: state prison not more than 5 years; or jail or house of correction not more than 2½ years; or not more than $2000; or both.)

COUNT-OFFENSE

13. 266/37B/F  CREDIT CARD, IMPROPER USE UNDER $250 c266

on 11/26/2003 - 12/22/2003, with intent to defraud, did for the purpose of obtaining money, goods, services or something else of value, with a value not in excess of $250, use a credit card obtained or retained in violation of G.L. c.266, §37B(b)-(e), or a credit card which he or she knew was forged, expired, or revoked, in violation of G.L. c.266, §37B(f).  (PENALTY: jail or house of correction not more than 1 year; or not more than $500; or both.)

COUNT-OFFENSE

14. 266/37B/F  CREDIT CARD, IMPROPER USE UNDER $250 c266

on 11/26/2003 - 12/22/2003, with intent to defraud, did for the purpose of obtaining money, goods, services or something else of value, with a value not in excess of $250, use a credit card obtained or retained in violation of G.L. c.266, §37B(b)-(e), or a credit card which he or she knew was forged, expired, or revoked, in violation of G.L. c.266, §37B(f).  (PENALTY: jail or house of correction not more than 1 year; or not more than $500; or both.)

COUNT-OFFENSE

15. 266/37B/F  CREDIT CARD, IMPROPER USE UNDER $250 c266

on 11/26/2003 - 12/22/2003, with intent to defraud, did for the purpose of obtaining money, goods, services or something else of value, with a value not in excess of $250, use a credit card obtained or retained in violation of G.L. c.266, §37B(b)-(e), or a credit card which he or she knew was forged, expired, or revoked, in violation of G.L. c.266, §37B(f).  (PENALTY: jail or house of correction not more than 1 year; or not more than $500; or both.)

TRUE COPY ATTEST

CLERK MAGISTRATE

DISTRICT COURT OF SOUTHERN ESSEX
580 ESSEX STREET
LYNN MASSACHUSETTS 01901

COUNT-OFFENSE

16. 266/37B/F  CREDIT CARD, IMPROPER USE UNDER $250 c266

on 11/26/2003 - 12/22/2003, with intent to defraud, did for the purpose of obtaining money, goods, services or something else of value, with a value not in excess of $250, use a credit card obtained or retained in violation of G.L. c.266, §37B(b)-(e), or a credit card which he or she knew was forged, expired, or revoked, in violation of G.L. c.266, §37B(f).  (PENALTY: jail or house of correction not more than 1 year; or not more than $500; or both.)

COMPLAINANT

X

SWORN TO BEFORE CLERK-MAGISTRATE/ASST. CLERK

X

ON (DATE)

1-7-07

# ADDITIONAL COUNTS

**Page 4 Of 4**

DOCKET NUMBER
0413CR000131

COUNT-OFFENSE

17. 266/30/A  LARCENY OVER $250 c266 §30(1)

on 11/26/2003 - 12/22/2003 did steal the property of GLEIRY LOPEZ, such property having a value of more than $250, in violation of G.L. c.266, §30(1).
(PENALTY: state prison not more than 5 years; or jail not more than 2 years and not more than $25,000.)

COUNT-OFFENSE

18. 266/30/C  LARCENY UNDER $250 c266 §30(1)

on 11/26/2003 - 12/22/2003 did steal the property of GLEIRY LOPEZ, such property having a value of $250 or less, in violation of G.L. c.266, §30(1).
(PENALTY: jail not more than 1 year; or not more than $300.)

COUNT-OFFENSE

19. 266/30/C  LARCENY UNDER $250 c266 §30(1)

on 11/26/2003 - 12/22/2003 did steal the property of GLEIRY LOPEZ, such property having a value of $250 or less, in violation of G.L. c.266, §30(1).
(PENALTY: jail not more than 1 year; or not more than $300.)

COUNT-OFFENSE

20. 266/30/C  LARCENY UNDER $250 c266 §30(1)

on 11/26/2003 - 12/22/2003 did steal the property of GLEIRY LOPEZ, such property having a value of $250 or less, in violation of G.L. c.266, §30(1).
(PENALTY: jail not more than 1 year; or not more than $300.)

COUNT-OFFENSE

21. 266/30/C  LARCENY UNDER $250 c266 §30(1)

on 11/26/2003 - 12/22/2003 did steal the property of GLEIRY LOPEZ, such property having a value of $250 or less, in violation of G.L. c.266, §30(1).
(PENALTY: jail not more than 1 year; or not more than $300.)

COUNT-OFFENSE

TRUE COPY ATTEST

CLERK MAGISTRATE
DISTRICT COURT OF SOUTHERN ESSEX
580 ESSEX STREET
LYNN, MASSACHUSETTS 01901

COMPLAINANT X

SWORN TO BEFORE CLERK-MAGISTRATE/ASST. CLERK X

ON (DATE) 1-5-04

781-477-7069    LYNN PD CO OFFICE    JAN 19,2007 13:17

| DOCKET NUMBER | |
|---|---|
| **0413CR000131** | **FINDING OF JUDGE -- DETERMINATION OF INDIGENCY** |

After considering the report and recommendation of the probation officer or other appropriate court employee, and after interrogating the defendant named in the complaint on the reverse side, if appropriate, based upon the standards in Supreme Judicial Court Rule 3:10, **I FIND THAT THE DEFENDANT IS:**

☑ **INDIGENT** because the defendant:

☐ receives Aid to Families with Dependent Children (AFDC).

☐ receives Emergency Aid to Elderly, Disabled and Children (EAEDC).

☐ receives poverty-related veterans' benefits.

☐ receives food stamps.

☐ receives refugee resettlement benefits.

☐ receives Medicaid.

☐ receives Supplemental Security Income (SSI).

☐ is a patient in a mental health facility or treatment center (or is the subject of a proceeding for admission to such a facility) and lacks available funds.

☐ is serving a sentence in a correctional institution and has no available funds.

☐ is held in custody in a jail and has no available funds.

☑ has an annual income, after taxes, 125% or less of the current poverty threshold referred to in G.L. c. 261, § 27A(b).

☐ is determined to be indigent pursuant to S.J.C. Rule 3:10, Section 4(b) [Judge's Section 4(b) findings on the record are appended].

☐ **INDIGENT BUT ABLE TO CONTRIBUTE**, and is therefore ordered to pay

$ _____ toward the cost of counsel because the defendant:

☐ has an annual income, after taxes, of more than 125% and less than 250% of the current poverty threshold referred to in G.L. c. 261, § 27A(b).

☐ is charged with a felony within the jurisdiction of the Superior Court and has available funds sufficient to pay a portion of the anticipated cost of counsel.

☐ is determined to be indigent but able to contribute pursuant to S.J.C. Rule 3:10, Section 4(b) [Judge's Section 4(b) findings on the record are appended].

☐ **NOT INDIGENT** and is able to pay the anticipated cost of counsel [Judge's findings on the record are appended if this finding is pursuant to S.J.C. Rule 3:10, Section 4(b)].

1 12 04
_____    _____
Date                        District Court Justice

| **CERTIFICATE OF JUDGE -- WAIVER OF COUNSEL** |
|---|

I hereby certify that the defendant named in the complaint on the reverse side has been informed of his/her right to counsel in accordance with Supreme Judicial Court Rule 3:10 and G.L. c. 211D, §5, that he/she has knowingly elected to proceed without a lawyer, and that he/she has:

☐ Executed a waiver of counsel in my presence.

☐ Refused to sign a waiver.

*Jane Brady Angelo*
A TRUE COPY ATTEST
CLERK MAGISTRATE
DISTRICT COURT OF SOUTHERN ESSEX
580 ESSEX STREET
LYNN, MASSACHUSETTS 01901

_____    _____
Date                        District Court Justice

## <u>ATTACHMENT "E"</u>
## <u>to EXHIBIT TWO</u>

Esther Arias

*Miranda* Waiver

January 10, 2004

LYNN POLICE DEPARTMENT
18 SUTTON STREET
LYNN, MASSACHUSETTS

Before I ask you any questions, you must first understand your rights:

1.   You have the right to remain silent.

2.   Anything you say can be used against you in a court of law.

3.   You have the right to speak with a lawyer for advice, before I ask you any questions and to have him with you during questioning.

4.   If you cannot afford a lawyer, one will be appointed for you before questioning, if you wish.

5.   If you decide to answer any questions now, without a lawyer present, you will still have the right to stop answering at any time until you speak with a lawyer.

6.   Do you understand what I have just read to you?

I understand the rights that have been read to me: _Esther Serge licie Avies_

Date: 1-10-04    Time: 11.20 (AM) PM

Rights administered by: _Lt. C. Reddy_

Date: 1/10/04,    Time: 11:20 (AM) PM

Witnessed by: _Timothy B Sevier_

(     )  AFTER BEING ADVISED OF HIS/HER RIGHTS, SUBJECT REFUSED TO SIGN.

## ATTACHMENT "F"
## to EXHIBIT TWO

Esther Arias

Waiver Of Prompt Arraignment

January 10, 2004

## WAIVER OF PROMPT ARRAIGNMENT

I, _Esther Angelica Arias_, understand that:

- I have the right to be brought to court as soon as reasonably possible.
- I cannot be brought to court on weekends or legal holidays, or after court hours during the week.
- If I am not brought to court within 24 hours of my arrest, a court magistrate can release me even if court is closed, unless a judge ordered that I be held without bail.

I understand that:

- at court I must be told what crimes I am being charged with.
- at court a judge can appoint a lawyer for me if I cannot afford one.
- at court a judge can decide to release me.

I understand that:

- If I was arrested more than six hours ago, the police cannot question me before I am brought to court, unless I sign this notice and I agree to talk.
- I can decide to stop answering questions when I want.
- After questioning, I will be brought to court as soon as is reasonably possible.

I hereby waive my rights, and agree to answer questions before I go to court.

It is now _11:20am_ on _1/10/04_
     (time)           (date)

_____         _____
(officer witnessing)                          (person arrested)

_____
(second witness)

## ATTACHMENT "G"
## to EXHIBIT TWO

Esther Arias

Voluntary Consent to Search

January 10, 2004

**City of Lynn Police Department**
**18 Sutton Street**
**Lynn, Massachusetts 01901**
**(781) 595-2000**

## CITY OF LYNN POLICE DEPARTMENT
## VOLUNTARY CONSENT TO SEARCH

I, Esther Angelica Arias of 100 New Park St., Apt. #2, Lynn MA
Understand and read English. I have been told by Lt. Christopher Reddy of the Lynn
Police Department that the police want to search all contents of my residence at
100 New Park St. Apt. #2, Lynn Massachusetts.

I have been advised that the police want to search my residence for credit cards,
credit card receipts, bank statements, bank receipts, checks, U. S. Mail, documents in the
name of individuals other than those who live in my apartment, store receipts, keys to a
2001 Lincoln Navigator, documents related to the purchase of a 2001 Lincoln Navigator
and clothing.

I understand that I may refuse to consent to this search. I also understand that if I
tell the police to stop the search they have begun, they must stop searching unless they
have legal authority to search without my consent, such as by search warrant. I sign this
form voluntarily, knowing my rights. I agree to this with the condition that I be allowed
to be present in my apartment while the search is conducted. I understand that I will be
restrained in handcuffs while this occurs. I understand that I am in the custody of the
Lynn Police. I have been advised of the charges pending against me. I was not
threatened in any way, or promised anything if I sign this consent to search. I now
consent to this search, and give permission to the police to seize as evidence anything that
may be useful to this investigation.

_____          _____
Person consenting: Esther Angelica Arias          Date, Time , Place consent signed

_____          _____
Witness: Lt. Christopher Reddy          Witness: Det. Jim Ferrari