UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA            )
                                    )
              v.                    )         Cr. No. 06-10305-MLW
                                    )
ESTHER ARIAS,                       )
        Defendant.                  )

MEMORANDUM AND ORDER

WOLF, D.J.                                          December 10, 2013


On December 7, 2007, defendant Esther Arias was convicted on forty-five counts of Theft of Mail and Receipt of Stolen Mail, Bank Fraud, Mail Fraud, Identity Theft, Theft of Government Property, and Conspiracy. On April 22, 2008, she was sentenced to 144 months in prison and 60 months of supervised release, and was ordered to pay $105,602.33 in restitution, and a $3,700 special assessment.

Acting pro se, Arias filed a motion pursuant to 28 U.S.C. §2255 to vacate, set aside, or correct the sentence imposed on her. She has since filed many letters and other submissions seeking to supplement her §2255 motion. See Doc. Nos. 293, 297, 298, 299, 300, 302, 303, 305, 307, 311, 312, 313, 314, 317, 318, 320, 323, 324, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 339, 358, 359, 363. These filings were not authorized by the court. They are disjointed and unclear.

In order for Arias's §2255 motion to be adjudicated fairly and effectively, Arias's arguments must be presented to the court and to the government in an organized and coherent fashion. The court is, therefore, construing Arias's filings as a motion or motions to amend her initial §2255 motion. Arias is being ordered to file an amended §2255 motion that will supersede all prior filings. The court does not intend to authorize any additional amendments or supplementation to that submission.

Section 2255 motions are subject to a one-year limitation period. See 18 U.S.C. §2255(f). However, the allegations in Arias's amended motion will "relate back" to the date of her original motion if they "arise from the 'same core facts,' and [do] not depend upon events which are separate both in time and type from the events upon which the original claims depended." United States v. Ciampi, 419 F.3d 20, 23 (1st Cir. 2005) (citing Mayle v. Felix, 545 U.S. 644, 657 (2005), and holding that Federal Rule of Civil Procedure 15(c)(2) is strictly construed when applied to §2255 motions). Any new allegations that are not connected to Arias's original claims in this manner will not relate back to the date on which the original motion was filed. Any such allegations are, therefore, likely to be time-barred.

In several submissions, Arias has asserted that she
received ineffective assistance from her counsel at trial. If
Arias makes such assertions in future filings, she will be
deemed to have waived the attorney-client privilege with respect
to all communications relevant to them. See Bittaker v.
Woodford, 331 F.3d 715 (9th Cir. 2003); Johnson v. Alabama, 256
F.3d 1156, 1178-79 (11th Cir. 2001); Sena v. Spencer, Civ. A.
No. 05-10381-DPW, 2006 WL 568306, at *6 n.7 (D. Mass. Mar. 8,
2006).

In view of the foregoing, it is hereby ORDERED that:

1.   By January 10, 2014, Arias shall file an amended
motion pursuant to 28 U.S.C. §2255. This motion shall supersede
all of Arias's prior submissions. Arias shall include in her
amended motion all of the factual contentions that, in her view,
are relevant to her claims. The amended motion will be subject
to Federal Rule of Civil Procedure 15, as it applies to §2255
motions. See Ciampi, 419 F.3d at 23. The court does not intend
to authorize or consider any subsequent supplemental
submissions.

2.   If Arias asserts in her amended motion that she was
deprived of the effective assistance of counsel at trial, she
will be deemed to have waived the attorney-client privilege with

respect to all information and communications relevant to her claim of ineffective assistance of counsel.

3.   This Order renders MOOT the following motions: Arias's Request for Leave to Respond to Any Argument the Government May Submit in Opposition to the Petitioner's Motion (Doc. No. 293); Government's Motion for Extension of Time to File Opposition to §2255 Petition (Doc. No. 295); Government's Motion for Order re: Attorney-Client Privilege on §2255 Petition (Doc. No. 296); Arias's Motion to Hold an Evidentiary Hearing (Doc. No. 300); Government's Motion for Order of Summary Disposition (Doc. No. 301); Arias's Motion to Supplement the Record with Exculpatory Evidence Not Obtained by Counsel (Doc. No. 311); Arias's Letter Requesting that Defense Counsel Be Provided (Doc. No. 312); Arias's Supplement Motion 2255 (Doc. No. 314); Government's Renewed and Expanded Motion for Order re: Attorney-Client Privilege on §2255 Petition (Doc. No. 315); Government's Motion for Order re: Transcript(s) of Sealed Proceeding(s) (Doc. No. 316); Arias's Letter to Judge Woodlock Requesting a Plea Hearing as Soon as Possible (Doc. No. 317); Arias's Motion to Vacate Restitution (Doc. No. 333); Arias's Motion to Modify Restitution Judgment (Doc. No. 339); and Arias's Motion Inquiring of Response to Motion 2255 (Doc. No. 363). These motions are, therefore, DENIED without prejudice.

    4.    As Arias reports that her §2255 motion has been lost
or stolen, the clerk shall provide Arias with a copy of that
motion with this Order.


                                    /s/ Mark L. Wolf
                                UNITED STATES DISTRICT JUDGE