## IN THE UNITED STATES DISTRICT COURT

FOR THE _FEDERAL_ _____ DISTRICT OF _MASSACHUSETTS_ ____

ESTHER ARIAS _____
             Petitioner,

          -Vs. -                     **CASE NO:** 06-10305

UNITED STATES OF AMERICA
          Respondent

---

### PETITIONER'S REQUEST FOR LEAVE TO RESPOND TO ANY ARGUMENT THE GOVERNMENT MAY SUBMIT IN OPPSITION TO THE PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE PURSUANT TO 28 U. S. C. 2255

---

COMES NOW, The Petitioner,     Esther Arias     , pro se, and asks this Honorable

Court to grant her time in which to file a memorandum to any argument the Government may submit in

opposition to this Motion pursuant to 28 U. S. C 2255. The petitioner respectfully requests a period of 30 to 60

days in which to reply. The Petitioner would like a chance to argue all contentions brought forth in this motion.

Petitioner would also like to incorporate this motion for appointment of counsel in the interest of justice.

Wherefore, The Petitioner prays that this Honorable Court will grant The Petitioner's request.


Respectfully submitted,

_Esther Arias pro se_

## CASE LAW SUPPORTING CLAIMS

Lord v. Wood, 184 F.3d, 1083,1095-96 (9th Cir)

Jennings v. Woodford 290 F.3d 1006, 1014, (9th Cir)

Caro v. Woodford, 280 F.3d 1247. 1254-56 (9th Cir. 2002)

Miller v. Anderson, 255, F.3d 455, 459 (7th Cir 2001)

Troedel v. Wainwright 667 F. Supp. 1456, 1461 (S.D. FLA)

Troedel v. Dugger, 828 F.2d 670 (11th Cir 1987)

People v. Johnson 793 N.E. 2d 591 ('' 2002)

Descamps v. U·S 570 US, 133 S.Ct.2276                    Biven's law.

## OTHER SUPPORTING FACTS

FACT:  Unbeknownst to the petitioner, defense counsel Mr. Espinosa
was disbarred from practicing Law, from 1990-1997. Also, unbeknownst
to petitioner, as of 2012, defense counsel Espinosa has been
disbarred for live. This information is relevant to the hereto
motion.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS


ESTHER ARIAS,
    PETITIONER

VS.                              CASE NO:   06-10305

UNITED STATES OF AMERICA,
    RESPONDENT

************************************************************************
MOTION REQUESTING PERMISSION TO SUBMIT THE HERETO PETITION PURSUANT TO
28 U.S.C. 2255 TO VACATE SENTENCE FOR FIFTH & SIXTH AMENDMENT VIOLATIONS
************************************************************************
COMES NOW, Petitioner, Esther Arias, Pro Se, humbly and respectfully request

this Honorable court to vacate her sentence, pursuant to 28 U.S.C. 2255.

The Honorable Judge Wolf ordered Ms. Arias to re-submit her motion,

in complete, with all supporting documentation to prove her claims,

and deemed all prior submissions as moot. Under this guise, petitioner

is within equitable tolling.

The Sixth Amendment right to counsel exists, and, is needed, in order

to protect the fundamental right to a fair trial, since access to counsel's

skill and knowledge is necessary to accord defendants the ample opportunity

to meet the case of the prosecution to which they are entitled. In

Strickland v. Washington, it is required that a petitioner establish that

(1) counsel's performance was deficient in that it fell below an objective

standard of reasonable professional service, and (2) that the deficient

representation prejudiced the defense so much that the results of the

proceeding would have been different.

In the case of petitioner, Esther Arias, had it not have been for counsel's

below standard, and unethical representation of her person, Ms. Arias,

would not have been deprived of her liberty to such an extent. Defense

counsel's sub-standard representation prejudiced and biased petitioner's

2.

trial, that it would be a travesty of Justice, to not grant at the least, an evidentiary hearing, for petitioner to explain in full detail, the gross violations of her rights on behalf of defense counsel.

## INEFFECTIVE COUNSEL DUE TO FAILURE TO INVESTIGATE

Petitioner's 5th and 6th Amendment rights were grossly violated, when defense counsel didnt bother to attempt an investigation to determine if petitioner's information was factual. Arias was adamant about information that was an alibi for her person, on the specific day of the instant offense. Defense counsel's refusal to follow up with this information, facts, pertinent to the case, blatantly violated petitioner's rights to a fair and Due Process. Defense counsel didnt bother to call witnesses to the stand that could have corroberated her statements to him, and refute testimony of governmental witnesses. Defense counsel did nothing. He was retained by petitioner's ex-boyfriend,  as she had no funds to retain her own. An obvious conflict of interest, but defense counsel saw no need to recuse hisself.  Arias was given housing assistance as she was an abused woman with four children, at her Rockmere Gardens apartment. HUD provided Arias with a voucher of Section 8 housing, to move immediately, to escape her abuser. Had counsel investigated and followed up with HUD, or the Domestic Violence agency, confirmation of Arias's statments, on why two apartments were let in her name at the same time, would have proven fraud was not intended. Had defense counsel had investigated, he would have seen that Arias, prior to finalizing her arrangements to move, was detained, and incarcerated in State prison.All this proveable, all this documented. But what did defense counsel do? Nothing.   In Hart v Gomez No. 98-15932, 4/26/99 9th Cir App , the Appellate court held:

3.

Case 1:06-cr-10305-MLW   Document 383   Filed 02/11/14   Page 5 of 11

Girlfriend's corroborative evidence would have raised a substantial doubt
regarding defendant's guilt, and that if the records had been offered
as evidence, a reasonable juror might not have convicted defendant of
the charges. As a result, defendant was entitled to a writ of habeas
corpus, that ultimately, allowed the court to see the injustice. What did
the court do? Reverse and remand, as it should do in the case of Arias
v U.S. . Petitioner Arias, gave defense counsel her passport, as
evidence, to support her claims of not being in the country at the
time of the instant offense. This critical evidence, an alibi, was
court ordered to be presented to the court by 10/31/2007. This critical
evidence that was verifiable, had defense counsel  subpoened the Dominican
Republic Migration General, or even an Immigration Custom Specialist,
to confirm that the stamps in the passport were valid and binding, would
have proved that petitioner could not have been present to commit the
instant offense. But once again, defense counsel did nothing.  Arias gave
defense counsel information on Onitxa Mercado. A known drugdealer and
at the present, a government witness. Arias pointed out a discrepancy
with birth dates on I.D. used to perpertrate a fraud, that could also
show that it was indeed the same said government witness who posed as
a Ms. Cintron, to try and cash a check, as well as used to receive
HUD benefits. Mr. Espinosa, defense counsel once again, with  his lack
of professionalism, did nothing. What was the ultimate result? Arias
was charged and convicted of the offense.


## INEFFECTIVE COUNSEL DUE TO FAILURE TO STRATEGIZE
When a defendant prepares for trial, there is an expectancy to meet
with, talk to, or email, one's lawyer, to discuss a strategy on how
to proceed for trial.  See Harris V Wood, 64 F3d, 1432, 1435-37(9th Cir. 95)

4.

Defense counsel's lack of communication with defendant was unfair and unjust.
There were no reviews on presentation. No reveiws on testimony. No reviews
on potential government witness testimony. No reviews on pre-trial motions
to be submitted. No reviews on evidence. No reviews on suppression if needed.
No review on trial stand prep. Nothing. Not at any time was defendant
kept abreast of what was going on in her case. Not at any time did defense
counsel work with the defendant to review different scenarios, on lwhat
could and couldnt happen. In Lord v Wood No. 97-99025,  97-99026, 7/14/99,
the Appellate court held: failure to put three witnesses on the stand, who
if believed, would have cleared petitioner of murder, clearly, showed counsel's
failure to do so, constituted deficient performance, that was prejudicial
to petitioner's defense. Without putting witnesses who could have clearly
exonerated petitioner of the instant charges, Arias did not stand a chance,
without their testimonies. Said witnesses would have refuted everything that
the government witnesses stated under oath. But, the jury didnt get a chance
to hear any witnesses, as defense counsel didnt deem it neccessary to do
so. It wasnt for lack of information. It was for lack of ethic.   Please see
Rivera Alicia v U.S. 404 F3d1, 2005 U.S. APP 5166

INEFFECTIVE COUNSEL FOR FAILURE TO OBJECT  TO JUDICIAL DECISIONS

The court allowed the prosecution to introduce into court, petitioner's
prior conviction or lack of, record. Prosecution introduced a prior conviction
that petitioner adamantly states is not her. The government introduced
prior juvenile history, as well as dismissed cases, all of which was prejudicial
to the outcome of the trial. Defense counsel did not object to this. Defense
counsel did not object to the Judge's lack of special cautionary jury
instructions on the accuracy of keye  witness identification. Without these
objections, petitioner had no grounds to persue a direct appeal.

5.

Defense counsel didnt object to the disclosure of the details of
the priors.
the priors. How can a jury effectively judge a defendant on trial,
when they have just been told about prior convictions, including one
for forgery, that is equivacle, on a lesser extent to the charges
that the defendant was being tried for. Introduction of the priors
biased the defendant. An objection should have been made, and it should
have been documented on  the record. Petitioner swore that one of the
priors was not committed by her person. She told the lawyer this,
and refused to claim guilt to something she didnt do. Instead of
objecting, defense counsel told the petitioner to say it was her,
so that the testimony wouldnt be so damaging. He was ineffective by
not objecting to this, when the defendant specifically asked him to do
so.


INEFFECTIVE COUNSEL FOR FAILURE TO REQUEST A MISTRIAL

Unbelievably, a jurorsent a note to the Judge, informing His Honor
that there was misconduct amongst the jurors. Instead of the Judge
sequestering the jury and finding out the source of the conduct,
the Judge decided to proceed with the trial. Defense counsel, knowing
that the jury deliberations would be tainted, could have moved for
exclusion of the jury pool during the presentation of irrelevant and
prejudicial information, or, requested a mistrial, which was his right.
How could petitioner Arias have received a fair trial? Please see
U.S. v Boone, 458 F.3d  321 (3 cir 2006)

INEFFECTIVE COUNSEL FOR  FAILURE TO FILE A BRADY VIOLATION

To establish a Brady Violation, A DEFENDANT must show that (1) the
government, either willfuly, or inadvertently, suppressed evidence, (2)
the evidence at issue is favorable to the defendant, (3) the failure to
disclose this evidence resulted in prejudice.

6,

The government here in this case, willfully  withheld defendant's original

Boston Housing Authoritly application and paperwork, which would have

proved a pattern of domestic violence, and the need to be moved constantly,

to avoid placing herself and her children, in the throes of an abusive

person· There was also records of  housing  interviews with Cintron(the

name), when the defendant was incarcerated in state jail. This evidence

that the government deliberately held on to, would prove defendant's

innocense. However, defendant was not privy to this information, as

the government did not turn it over to defense counsel for any investigations

to be done. This violation of her 5th and 14th Amendment right was

outrageous and should have been attacked via direct appeal in the least,

but without his objection, or submitting motions to the Judge to declare

on record the prosecutorial misconduct, petitioner's hands would be tied

later on down the road, if she was to attack her case via direct.


INEFFECTIVE COUNSEL DUE TO FAILURE TO OBJECT TO PSR FINDINGS

Defense counsel has ample time to review the PSR prior to sentencing.

He is supposed to review the findings with his client, and verify the

information on the report. Any enhancements via prior convictions,

or  enhancements based on a preponderance of evidence, must be challenged

in writing and submitted to the PSR officer, and the courts to argue

the reasoning: and the logic behind  enhancing petitioner's guidelines.

Defense counsel did not discuss the PSR with petitioner, neither did

he argue against the findings in the report. The enhancements were

based on preposterous reasons, and could have easily been challenged

in a hearing, had defense counsel submitted a petition.


In conclusion, the disgraceful manner in which Mr. Espinosa, defense

counsel, represented the petitioner, should not be tolerated. To be represented by an attorney, who is expected to represent a defendant to the best of his abilities, yet is lacking in every crucial aspect of one's case, is awful, unlawful, and unconstitutional. Mr. Espinosa's lack of regard for petitioner Arias, prejudiced her case so severely, that her chances of acquittal were null and void. When defense counsel advises you to say untruths on the stand, perjuring yourself, something is wrong. When defense counsel tells you that he held onto the 'evidence', the'passport' to surprise the government in court, deliberately violating a court order, something is wrong.  When petitioner heard this scenario, she was aghast. She immediately petitioned the court to ask for another attorney, but was turned down, and had to stay with this attorney, whose lack of interest was at the point of disrespect. What was petitioner to do? At sentencing she did the only thing available. She represented herself. Clueless of court procedures and regulations, yet better off, pro se, than with defense counsel, Something is wrong.  We ask ourselves what is it?  Ineffective counsel.

Alleyne

On june 17, 2013, the Supreme court decided Alleyne vs U.S. No. 11-9335 S.CT June 17,2013, holding that, other than the fact of a prior conviction any fact that increases the penalty for a crime beyond the maximum, must be submitted to a jury, and proved beyond a reasonable doubt. It is unconstitutional for a Legislature to remove from the jury, the assessment of facts, that increase the prescribed range of penalties, to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt. If the law identifies a fact that warrants a deprivation of a defendants liberty, or an increase in the deprivation, such facts must be proven to a jury, beyond a reasonable doubt. (MANDATE OF THE UNITED STATES CONSTITUTION)

8.

Under this holding, petitioner's enhancements, must be removed, as
they are unconstitutional.

Respectfully submitted,

_Estherglra Saas Jeice1_

"Counsel failed to appeal the courts decision on denying Petitioner
request for a Psychiatrist Evaluation see william's V Branker."

"Counsel failed to object to Gov Closing argument's, where He
stated "that the Defendant was Lying about her Domestic viDlence ABuse
when the Gov. had in fact the Material evidence in his hands and Defense
Counsel was awared of the issue. see transcript.

Petitioner was deprived of having access to any legal research, Deprived
of being Prepared for her Defense at trial by being Place under Extreme
unusual and cruel punishment. The Petitioner was place in the 'SHU' Segregation
unit during trial, fill the trial Ended!, under Bivens law

CERTIFICATE OF SERVICE

I Esther Arias hereby sware, that I placed the foregoing motion

into the prison mailbox, in FCI Aliceville, on 2/5/2014, amd

mailed to the following address:

So served.