UNITED DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CASE NO: 06-10305-MLW

2014 JUL 14  P 1: 11

ESTHER ARIAS,

    PETITIONER

UNITED STATES,

    RESPONDENT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ADDENDUM TO SUBMITTED MOTION PURSUANT TO 28 U.S.C. 2255
IN LIGHT OF PEOPLE V. DEATLEY, COLO, NO. 13SA97, 6/16/14

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Comes Now, petitioner, Esther Arias, humbly, requests of this Court, permission to submit the hereto addendum, to support her claims of Ineffective Assistance of Counsel, previously submitted to this Honorable Court.

Ms. Arias alledges that the Court created a prejudicial atmosphere by not ordering a continuance, once it was brought to the Court's attention, that there was a communication breakdown, between Ms. Arias, and her counsel. Sua sponte, the case should have been held over, in order to appoint new counsel for Ms. Arias, or, defense counsel, along with Ms. Arias, should have in the least, spoke with the presiding Judge, to ascertain, if, in the eyes of the law, without creating a conflict of interest, defense counsel could remain as Ms. Arias's legal representation.

Ms. Arias's rights were violated. In support thereof, she states:

On June 16, 2014, in People v. DeAtley, Colo, No. 13SA97

Case 1:06-cr-10305-MLW   Document 405   Filed 07/14/14   Page 2 of 3

2.

once the trial court found that a conflict of interest existed, it was unreasonable and unfair for the court to conclude that the lawyers could balance their personal interests implicated by the client's malpractice action with their obligation as his defense counsel. The trial court found that a conflict of interest existed, but it denied the motion to withdraw because it found that DeAtley had caused the conflict to delay the trial. State high court agreed with the lawyers that they must be allowed to withdraw.

In the case of Arias, the petitioner fired her attorney, and requested new counsel. The court refused to postpone. The court stated that it would not postpone the sentencing day. Arias, who is not an officer of the court, was forced to represent herself. Defense counsel was forced by the court to stay and be second chair. Even though he(defense counsel) made a statement, that it would not be in Arias's best interest to proceed with him, he was willing to stay and represent her, seeing that the Judge really wasnt giving her choice. But once a defendant fires his/her attorney, what person in their right mind, would still use that same attorney during a critical state of proceedings. The court, with its order, placed the defendant in a position, that was not only foreign to her, but also prejudicial. Arias would not know how to fight for mitigating roles, factors to be considered when a Judge assesses the criteria under the 3553 rule. She wouldnt know what to object to. She wouldnt know how to object. Most defendants, the only experience they have in trial proceedings, would be what they see on television. Arias was placed in a position, that put her in an unfair disadvantage, which according to the aforementioned holding

3.

is a violation of her Amendment rights, that <u>must</u>, be rectified.

Under the Sixth Amendment, the defendant had the right to counsel. Competent counsel. Her, representing herself, was not competent. It was ridiculous. Based on the hereto claims, Ms. Arias, humbly asks for relief, as her rights were violated.

Respectfully submitted on this July 3, 2014. _____

### CERTIFICATE OF SERVICE

I, Esther Arias, mailed the hereto motion, to the U.S. District Court located: John Joseph Moakley United States Courthouse, 1 Courthouse Way, Suite 2500, Boston, MA, 02210-3002. A copy was also sent to the Ausa in this case, located at:

So Served.